IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE GOLDBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 cv 6455 |
| | ) | |
| 401 NORTH WABASH VENTURE LLC and | ) | Judge Amy J. St. Eve |
| TRUMP CHICAGO MANAGING MEMBER | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER
OF LAW ON PLAINTIFF'S CONSUMER FRAUD ACT CLAIM**

Stephen Novack
John F. Shonkwiler
Rebekah H. Parker
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc. #578443

Defendants 401 North Wabash Venture LLC and Trump Chicago Managing Member LLC, by and through their attorneys, pursuant to Federal Rule of Civil Procedure 50(a), respectfully submit this Motion for Judgment as a Matter of Law on Plaintiff's Claim under the Illinois Consumer Fraud Act (the "Fraud Act").

## LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue . . . [and] a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). "In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff. '[A] mere scintilla' of evidence, however, will not suffice." Hall v. Forest River, Inc., 536 F.3d 615, 619 (7th Cir. 2008) (citations omitted).

## ARGUMENT

The Court has now ruled that Plaintiff's claim of "loss of use of funds" damages is out of this case. It also has ruled that the refund of Plaintiff's earnest money deposits does not constitute "damages" but rather is an equitable remedy that provides no right to a trial by jury. In light of these two rulings, the only alleged "damages" remaining in the case are interest, attorneys' fees, punitive damages, and damages for "emotional distress, aggravation, delays, [and] inconveniences" (collectively, "emotional damages").

Yet, explained below, a plaintiff must prove <u>actual economic damages</u> in order to state a claim under the Fraud Act. Under well-established Illinois law, none of Plaintiff's remaining "damages" satisfies the Fraud Act's "actual damages" requirement. Accordingly, Plaintiff's Fraud Act claim fails as a matter of law.

**I.     ACTUAL ECONOMIC DAMAGES ARE REQUIRED UNDER THE FRAUD ACT**

Actual damages are an essential element under the Fraud Act. Thrasher-Lyon v. Illinois Farmers Ins. Co., 861 F. Supp. 2d 898, 912 (N.D. Ill. 2012); Xydakis v. Target, Inc., 333 F. Supp. 2d 686, 688 (N.D. Ill. 2004). For purposes of the Fraud Act, "actual damages" is synonymous with "compensatory damages." Greisz v. Household Bank (Illinois), 8 F. Supp. 2d 1031, 1043 (N.D. Ill. 1998) aff'd sub nom. Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012 (7th Cir. 1999). This Court confirmed the same during the May 2, 2013 Final Pretrial Conference in this matter. (Dkt. No. 307, at 95 ("[U]nder the law, the compensatory [damages] and actual [damages] are the same."); id. at 96 ("Compensatory [damages] and actual [damages] are the same.").)

Moreover, "actual damages" under the Fraud Act must arise from "purely economic injuries." Thrasher, 861 F. Supp. 2d at 912-13 (emphasis added; quoting Cooney v. Chi. Pub. Schs., 407 Ill. App. 3d 358, 943 N.E.2d 23, 31 (1st Dist. 2010)); accord Morris v. Harvey Cycle & Camper, Inc., 392 Ill. App. 3d 399, 402-03, 911 N.E.2d 1049, 1053-54 (1st Dist. 2009) ("The Consumer Fraud Act provides remedies for purely economic injuries.").

**II.    NONE OF PLAINTIFF'S PURPORTED DAMAGES
        CONSTITUTES ACTUAL DAMAGES UNDER THE FRAUD ACT**

With Plaintiff's "loss of use of funds" damages claim now out of the case, only the following requests for monetary relief remain: (a) the return of her earnest money deposits; (b) interest, attorneys' fees and costs; (c) punitive damages; and (d) emotional damages. As will now be explained, none of these constitutes "actual damages" -- which, as demonstrated above, are required to state a claim under the Fraud Act.

A. **Plaintiff's Earnest Money Deposits Are Not "Actual Damages"**

The Court's May 1, 2013 ruling (Dkt. No. 298) held that a refund of Plaintiff's earnest money deposits is <u>equitable</u> relief, <u>i.e.</u>, not the kind of "monetary damages . . . which would entitle her to a jury trial." (<u>Id.</u> at 2.) The Court explained that:

> Plaintiff has indicated in multiple filings that she seeks a refund of her earnest money deposits rather than any damages associated with affirmance of the contract. . . . Despite these clear indications of the damages Plaintiff can and will seek, Plaintiff makes the untenable argument that this refund of her money is not an equitable remedy related to rescission, but is some type of "monetary damages" which justify a jury trial. (<u>Id.</u>)

Because Plaintiff has now elected the <u>equitable</u> remedy of rescission, the return of her deposit money does <u>not</u> constitute actual economic injury. Rather, it is part of the equitable remedy of rescission, <u>i.e.</u>, restoration of the status quo ante. (<u>Id.</u>)

Thus, to succeed on her Fraud Act claim, Plaintiff must establish actual economic damages <u>separate</u> <u>and</u> <u>apart</u> from her earnest money deposits. <u>See</u> <u>Haymer v. Countrywide Bank, FSB</u>, 10 C 5910, 2011 WL 3205365, at *3 (N.D. Ill. July 28, 2011) (recognizing that, in order to state a Fraud Act claim based upon the rescission of a loan transaction, a plaintiff must establish actual damages beyond those that would be "extinguish[ed]" by the rescission); <u>Pena v. Freedom Mortg. Team, Inc.</u>, No. 07 C 552, 2007 WL 3223394, at *4 (N.D. Ill. Oct. 24, 2007) (same); <u>see</u> <u>also</u> Dkt. No. 298, 5/1/13 Order, at 2 ("Notably, [Plaintiff] never articulates what other 'monetary damages' she allegedly seeks, other than this refund of her funds, which would entitle her to a jury trial.").)

B. **Attorneys' Fees And Interest Are Not Actual Damages**

Attorneys' fees and interest are not "actual damages." <u>See</u>, e.g., <u>Petty v. Chrysler Corp.</u>, 343 Ill. App. 3d 815, 825, 799 N.E.2d 432, 441 (1st Dist. 2003) (trial court properly disposed of claim for attorneys' fees where plaintiff failed to show "actual damages" on Fraud Act claim);

3

Movitz v. First Nat. Bank of Chicago, 982 F. Supp. 566, 568-69 (N.D. Ill. 1997), aff'd, 148 F.3d 760 (7th Cir. 1998) (prejudgment interest, whether statutory or equitable, is decided by the court). (See also Dkt. No. 298, 5/1/13 Order (ruling that a refund of "the funds in escrow, plus interest, is an equitable remedy") (emphasis added).)

### C. Emotional Damages Alone Do Not Constitute Actual Damages

It is now "well-established" that "emotional damages" alone do not constitute actual damages under the Fraud Act. Thrasher-Lyon, 861 F. Supp. 2d at 913; Morris, 392 Ill. App. 3d at 403; Worix v. MedAssets, Inc., 869 F. Supp. 2d 893, 900-01 (N.D. Ill. 2012); Xydakis, 333 F. Supp. 2d at 687-88. For instance, in Thrasher-Lyon, 861 F. Supp. 2d at 913, the court specifically rejected plaintiff's argument that emotional damages are actual damages that are sufficient on their own to state a claim under the Fraud Act. Id. The court also distinguished those cases that did allow Fraud Act claims to proceed based solely on emotional distress because they "were decided prior to, and without the benefit of, Morris." Id.[1] The court then granted defendant's motion to dismiss plaintiff's Fraud Act claim based on her failure to allege actual economic injury. Id.

Here, Plaintiff's claim of emotional damages fails for the same reason. Because: (1) Plaintiff has no "loss of use of funds" damages; (2) Plaintiff has been barred from seeking benefit-of-the-bargain damages; and (3) the equitable refund of her earnest money deposits, interest, and attorneys' fees do not constitute actual damages, the only damages remaining are those for emotional damages. But, as the above-cited authorities make clear, "an allegation of only emotional damages precludes a claim under the [Fraud Act]." E.g., Thrasher-Lyon, 861 F.

---

[1] For instance, Pena and Haymer, cited supra at p.3, ruled that emotional distress satisfied the Fraud Act's "actual damages" requirement. Because Pena pre-dated Morris and Haymer failed to address Morris, this Court should disregard their emotional distress rulings. See Thrasher, 861 F. Supp. 2d at 913.

4

Supp. 2d at 913 (granting motion to dismiss). In all events, Plaintiff's claim for emotional damages fails for additional reasons that Defendants address in their Motion For Judgment As A Matter Of Law On Plaintiff's Claim Of Emotional Damages And Alternative Motion To Bar Plaintiff's Attorneys From Suggesting To The Jury A Specific Award Of Emotional Damages.

### D. Punitive Damages Are Not "Actual Damages"

Plaintiff also cannot look to her punitive damages claim to establish actual damages. By definition, they are not actual damages. Indeed, punitive damages "are in addition to compensatory damages [and] cannot be allowed unless actual damage is shown." Pena, 2007 WL 3223394, at *3 (quoting Hayman v. Autohaus on Edens, Inc., 315 Ill. App. 3d 1075, 1078, 734 N.E.2d 1012, 1015 (1st Dist. 2000)); see also Petty, 343 Ill. App. 3d at 825, 799 N.E.2d at 441 (recognizing that a showing of actual damages is a prerequisite to punitive damages); Dorr-Oliver Inc. v. Fluid-Quip, Inc., 894 F. Supp. 1190, 1205 (N.D. Ill. 1995), rev'd on other grounds, 94 F.3d 376 (7th Cir. 1996) (no punitive damages under the Fraud Act when plaintiff entitled only to equitable relief).

## III. NO CONSUMER FRAUD

In the end, none of Plaintiff's alleged damages can be deemed "actual economic damages." Thus, her Fraud Act claim fails as a matter of law. See, e.g., Thrasher, 861 F. Supp. 2d at 912; Xydakis, 333 F. Supp. 2d at 688; Morris, 392 Ill. App. 3d at 403, 911 N.E.2d at 1054.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (a) award judgment in favor of Defendants and against Plaintiff with respect to Plaintiff's Fraud Act claim; and (b) grant Defendants such other and further relief as is appropriate.

Respectfully submitted,

401 NORTH WABASH VENTURE LLC
and TRUMP CHICAGO MANAGING
MEMBER LLC

By: /s/ Stephen Novack
       One of Their Attorneys

## **CERTIFICATE OF SERVICE**

  Stephen Novack, an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 21st day of May, 2013.

                   /s/ Stephen Novack