**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE GOLDBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 cv 6455 |
| | ) | |
| 401 NORTH WABASH VENTURE LLC and | ) | Judge Amy J. St. Eve |
| TRUMP CHICAGO MANAGING MEMBER | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF**
**LAW ON PLAINTIFF'S CLAIM OF EMOTIONAL DAMAGES AND**
**ALTERNATIVE MOTION TO BAR PLAINTIFF'S ATTORNEYS FROM**
**SUGGESTING TO THE JURY A SPECIFIC AWARD OF EMOTIONAL DAMAGES**

Stephen Novack
John F. Shonkwiler
Rebekah H. Parker
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Doc. #578479

Defendants 401 North Wabash Venture LLC and Trump Chicago Managing Member LLC, by and through their attorneys, pursuant to Federal Rule of Civil Procedure 50(a), respectfully submit this Motion for Judgment as a Matter of Law on Plaintiff's Claim of Emotional Damages and Alternative Motion to Bar Plaintiff's Attorneys From Suggesting to the Jury a Specific Award of Emotional Damages.

## LEGAL STANDARD

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue . . . [and] a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). "In other words, the question is simply whether the evidence as a whole, when combined with all reasonable inferences permissibly drawn from that evidence, is sufficient to allow a reasonable jury to find in favor of the plaintiff. '[A] mere scintilla' of evidence, however, will not suffice." Hall v. Forest River, Inc., 536 F.3d 615, 619 (7th Cir. 2008) (citations omitted).

## ARGUMENT

Plaintiff's claims under the Illinois Consumer Fraud Act (the "Fraud Act") and the Interstate Land Sales Full Disclosure Act (the "Land Sales Act") both seek damages for "emotional distress, aggravation, delays, [and] inconveniences, proximately caused by deceptive and/or unfair practices" (collectively, "emotional damages"). (Dkt. No. 268, Pls.' Itemiz. of Damages.) Yet, at trial, Plaintiff presented no evidence that would support an award of emotional damages under establish Seventh Circuit law.

Plaintiff's only evidence that could arguably relate to her emotional damages claim comes from her own self-serving testimony and the testimony of her agent Terry Vogue. Specifically, Plaintiff testified as follows:

Q. Jackie, how did you feel when you first heard that Ms. Binosi had confirmed that these things were being removed [from the common elements]?

A. I thought I was in never-never land.

Q. What do you mean?

A. We have -- we have -- an agreement. All of a sudden, it's all been turned topsy-turvy. (5/20/13 Tr. at 1429:1-7.)

\*      \*      \*

Q. Can you tell the ladies and gentlemen of the jury how, if at all, you know, this litigation has affected you?

A. I've been angry. I have been -- felt like I have been -- conned. I have worried about what the solutions -- what solutions -- I could make. It has affected my -- just, now, I have to worry about whether my husband's caregivers are there on time, so I can come and spend all day here; and, how is he -- I mean, there's a lot of worry going into something like this. I didn't worry as much sometimes as I did at others, and I tried not to be angry about it. (5/20/13 Tr. at 1443:7-17.)

In a last-ditch effort to save Plaintiff's emotional damages claim, Ms. Vogue, testified that she "observed" Plaintiff as feeling "upset," "disturbed," "stressed," and "defrauded" after she reviewed the Fourth Amendment. She also noted that Plaintiff is not outward about her feelings. No other evidence or testimony pertaining to emotional damages was offered.

As described in Part I below, these vague and conclusory statements fail to support a claim for emotional damages as a matter of law for at least four reasons. First, no reasonable jury could find that the above-described testimony supports an award of emotional damages with "reasonable certainty" and satisfies the Seventh Circuit's "strict standard for a finding of emotional damage." Second, Plaintiff's testimony describing how the litigation has affected her cannot, as a matter of law, support a claim for emotional damages. Third, emotional damages

are not available to Plaintiff under the Land Sales Act.  <u>Fourth</u>, Plaintiff cannot recover emotional damages under the Fraud Act because she has not suffered any actual injury.

In Part II below, Defendants demonstrate that -- because Plaintiff is not entitled to an award of emotional damages -- all remaining claims are equitable.  Accordingly, she is not entitled to a trial by jury.

Finally, if the Court nonetheless allows Plaintiff to pursue emotional damages on one or both of her claims, then Part III below seek to bar Plaintiff from suggesting to the jury a specific award of emotional damages.  At the very least, Plaintiff should not be permitted to ask the jury to award $500,000 -- an amount that is patently unreasonable.

## I.    PLAINTIFF CANNOT RECOVER EMOTIONAL DAMAGES

### A.    No Reasonable Jury Could Find That Plaintiff's Testimony Satisfies The Seventh Circuit's "Strict Standard For A Finding Of Emotional Damage"

To prevail on this claim (and any other claim of damages), Plaintiff must prove her alleged damages "to a reasonable degree of certainty." <u>Haslund v. Simon Prop. Grp., Inc.</u>, 378 F.3d 653, 658 (7th Cir. 2004) (applying Illinois law); <u>see</u> <u>also</u> <u>Scott v. Peterson</u>, No. 09 C 1633, 2010 WL 3173001, at *5 (N.D. Ill. Aug. 11, 2010) (plaintiff failed to prove emotional damages "with the reasonable certainty required").  "[B]ecause they are so easy to manufacture," the Seventh Circuit has "maintained a strict standard for a finding of emotional damage." <u>Ruffin–Thompkins v. Experian Info. Solutions, Inc.</u>, 422 F.3d 603, 609 (7th Cir. 2005) (citation omitted); <u>accord</u> <u>Bassett v. I.C. Sys., Inc.</u>, 715 F. Supp. 2d 803, 812-13 (N.D. Ill. 2010) (St. Eve, J.).  Further, Plaintiff must also prove with reasonable certainty that Defendants' alleged wrongful conduct <u>caused</u> her alleged emotional damages.  <u>Doe v. United States</u>, 976 F.2d 1071, 1085 (7th Cir. 1992).  As will now be explained, Plaintiff has not met this burden.

### 1. Plaintiff Failed to Prove Emotional Damages With Sufficient Certainty

Plaintiff's "evidence" of emotional damages is wholly inadequate. It consists solely of Plaintiff's own self-serving testimony and the conclusory testimony of her agent. As to Plaintiff, her testimony about how the <u>litigation</u> has impacted her should be disregarded for the reasons described in the next section, and her testimony about feeling like she was in "never-never land" is far too vague to support an award of emotional damages. Plaintiff presented no <u>disinterested</u> fact witnesses, no expert witness, and no documents to support her claim. She did not describe any alleged emotional damages in detail; she did not testify that she suffered any physical symptoms as a result of her alleged emotional distress; and she did not testify that she sought the care or treatment of any medical or psychological professionals.

Ms. Vogue's testimony about how she thought Plaintiff looked after reviewing the Fourth Amendment also does not support an award of emotional damages with sufficient certainty. Ms. Vogue testified only generally that Plaintiff "appeared" "upset," "disturbed," "stressed," and "defrauded" without providing any corroborating details -- such as discussions with Plaintiff -- to substantiate her claims. Surely, if Ms. Vogue were genuinely concerned about Plaintiff's emotional well-being, she would have asked Plaintiff about how she was feeling.

Further, Ms. Vogue's testimony about how Plaintiff felt after receiving the Fourth Amendment actually <u>contradicts</u> -- rather than corroborates -- Plaintiff's own testimony about the subject. After being directly asked how the Fourth Amendment made her feel, Plaintiff testified only that it made her feel like she was in "never-never land"; she never mentioned any other feelings or emotions. Even if Plaintiff does not generally speak about her emotions, she is the one who put her emotions at issue by filing this lawsuit and seeking emotional damages. She should not be permitted to seek an award of emotional damages without even mentioning how, if

at all, the Fourth Amendment affected her emotionally.

Under these circumstances, Plaintiff has failed to prove her alleged emotional damages "with the reasonable certainty required" (Scott, supra) -- especially in light of the fact that emotional damages "are so easy to manufacture" and subject to a "strict standard" (Ruffin, supra). See, e.g., Bagby v. Experian Info. Solutions, Inc., 162 F. App'x 600, 605 (7th Cir. 2006) (affirming dismissal of emotional distress claim where plaintiff "did not seek any medical or psychological treatment for the emotional distress she claims" and "failed to describe her emotional distress in 'reasonable detail' or with any certainty"); Thompson v. Gateway Fin. Servs., Inc., 10 C 7658, 2012 WL 5989240, at *4 (N.D. Ill. Nov. 29, 2012) (plaintiffs' claim for emotional distress failed where they offered no medical records into evidence and relied upon their own self-serving testimony and their pastors' testimony that they sought counsel); Scott, 2010 WL 3173001, at *5 (plaintiff failed to prove emotional damages "with the reasonable certainty required," where he had no medical bills, psychologist visits, or other testimony to corroborate his statements); Lancaster v. Trans Union, LLC, 09 C 1698, 2010 WL 4625345, at *4 (N.D. Ill. Nov. 4, 2010) (plaintiff failed to "satisfy the Seventh Circuit's high threshold for proof of damages for emotional distress" where she did not seek treatment for her alleged distress and relied on her conclusory statements and her fiancée's speculation that she was upset and depressed); Concealed Carry, Inc. v. City of Chicago, 02 C 7088, 2006 WL 2860975 (N.D. Ill. Sept. 28, 2006) (plaintiff's "claims for emotional damages fail as a matter of law" where plaintiff "did not see any health care professional or have any physical symptoms resulting from his alleged emotional distress" and relied on his own self-serving statements).

## 2.     No Evidence Establishing Causation

Even assuming arguendo that Plaintiff suffered any emotional distress, no reasonable jury could find that Plaintiff established with reasonable certainty that Defendants' alleged conduct in

fact caused those alleged emotional damages. Doe, 976 F.2d at 1085. Ms. Vogue's testimony that Plaintiff appeared a certain way after reviewing the Fourth Amendment does not mean that Defendants' conduct -- as opposed to something else -- caused her to feel that way. Ms. Vogue never testified that Defendants' conduct caused Plaintiff emotional distress or that Plaintiff told her anything like this. Plaintiff, too, never testified about any specific emotional distress she suffered as a result of Defendants' conduct -- as opposed to the litigation itself.

In light of the absence of evidence of causation and the facts that (a) Plaintiff is a sophisticated real estate investor (b) who understood that Defendants had the ability to amend the Property Reports, Plaintiff cannot establish that Defendants' conduct caused her any emotional distress. See, e.g., Lancaster, 2010 WL 4625345, at *4 (discounting witness testimony about plaintiff appearing upset that was not "tie[d] to [defendant] in particular"); Bassett, 715 F. Supp. 2d at 812 (granting summary judgment where plaintiff failed to establish that the defendant's alleged wrongful conduct contributed to the agitation of his bipolar disorder).

### B.    Litigation-Related Emotional Damages Are Not Recoverable

While Plaintiff's entire claim for emotional damages should be dismissed, at the very least, Plaintiff should be barred from pursuing emotional damages caused by this litigation. In particular, Plaintiff testified about her emotional state in response to a question from her counsel about how this litigation has impacted her. This testimony is irrelevant and prejudicial because litigation-induced emotional damages cannot be recovered as a matter of law. At the very least, the jury should be instructed that Plaintiff cannot recover for this purported injury.

### 1.    No Litigation-Related Emotional Damages

As Judge Posner observed, "[i]t would be strange if stress induced by litigation could be attributed in law to the tortfeasor." Stoleson v. United States, 708 F.2d 1217, 1223 (7th Cir. 1983). For this reason, numerous courts of appeal and district courts across the country have

rejected attempts to recover for emotional injury, stress, aggravation and inconvenience caused by litigation. See, e.g., Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 79 (1st Cir. 2001) ("the heavy weight of authority holds that litigation-induced stress is not ordinarily recoverable as an element of damages") (citing, inter alia, Stoleson); Knussman v. Maryland, 272 F.3d 625, 641-42 (4th Cir. 2001) ("litigation-induced emotional distress is never a compensable element of damages") (citing, inter alia, Stoleson); Lockhart v. ExamOne World Wide, Inc., 2:11-CV-0037-JMS-WGH, 2012 WL 4955241, at *12 (S.D. Ind. Oct. 17, 2012) ("Plaintiffs cannot recover for any emotional distress caused by their decision to pursue this litigation.") (citing Stoleson); Flowers v. First Hawaiian Bank, 295 F. Supp. 2d 1130, 1140 (D. Haw. 2003) aff'd sub nom. Flowers v. U.S. Army, 25th Infantry Div., 179 F. App'x 986 (9th Cir. 2006) ("Litigation stress is not recoverable as damages.") (citing Stoleson); Thompson v. Altheimer & Gray, 96 C 4319, 2001 WL 1618717, at *2 (N.D. Ill. Dec. 18, 2001) ("plaintiff cannot rely on a consultation that was sought because of stress of the litigation") (citing Stoleson); Lopacich v. Falk, No. 91 C 2339, 1992 WL 402932, at *7 (N.D. Ill. Apr. 23, 1992) ("We believe it would be a dire mistake to allow causes of action . . . for the stress attendant every legal proceeding, especially stress visited upon the party instigating the proceeding").

Therefore, Plaintiff cannot recover any emotional damages she experienced as a result of this litigation, especially in light of the fact that she is the one who initiated it.

### 2. At The Very Least, The Jury Should Be Instructed That Litigation-Related Emotional Damages Are Not Compensable

While Defendants believe that all of Plaintiff's "emotional damages" fail, at the very least, the Court should instruct the jury that litigation-related emotional damages are not compensable. See Lockhart, 2012 WL 4955241, at *12 (approving damages instruction directing jury "not to consider any distress that Plaintiffs sustained by pursuing this litigation").

    **C.**    **Plaintiff Is Not Entitled To Recover Her Alleged Emotional
Damages Under The Land Sales Act For Additional Reasons**

Even if the Court does not preclude Plaintiff from seeking emotional damages for the reasons described above, it should, in any event, bar her from seeking them in connection with her claim for emotional damages under the Land Sales Act.

In her April 17, 2013 amended itemization of damages (Dkt. No. 268, "Amended Itemization"), Plaintiff specified for the first time that she seeks emotional damages in connection with her Land Sales Act claim. Yet, Defendants' search of the case law revealed <u>no</u> published case in any jurisdiction (federal or state) where a court granted -- or even analyzed -- emotional damages in connection with a Land Sales Act claim. Therefore, Plaintiff may be asking this Court to be the very first one to allow such a claim to go forward. In light of the complete absence of any objective, documentary or expert evidence, the conclusory and vague nature of Plaintiff's and her agent's testimony, and the fact that Plaintiff cannot obtain litigation-related damages, the Court should decline to make new law under the Land Sales Act.

    **D.**    **Plaintiff Is Not Entitled To Recover Her Alleged
Emotional Damages Under The Fraud Act For Additional Reasons**

For the reasons described in Defendants' Motion For Judgment As A Matter Of Law On Plaintiff's Consumer Fraud Claim (at pp. 4-5), and incorporated herein by reference, Plaintiff cannot seek emotional damages under the Fraud Act.

**II.**    **BECAUSE PLAINTIFF CANNOT RECOVER
EMOTIONAL DAMAGES, SHE IS NOT ENTITLED TO A JURY**

    **A.**    <u>**No Jury Under Land Sales Act**</u>

The Court recently ruled that Plaintiff cannot pursue "loss of use of funds" damages. If the Court also strikes Plaintiff's demand for emotional damages, then the only "damages" remaining under the Land Sales Act are (1) the return of her deposits, plus (2) attorneys' fees and

interest.  Neither of these "damages" entitles her to a jury.

As to the return of her deposits, the Court already held that this is an <u>equitable</u> remedy that does <u>not</u> entitle Plaintiff to a jury.  (Dkt. No. 298, 5/1/13 Order; <u>see also</u> Dkt. No. 191 at 5-7 (citing 13 cases for the proposition that rescission and restoration of the status quo ante are an equitable remedy for which there is no right to a jury).)  The Court's reasoning applies equally to Plaintiff's claim for the return of her deposit monies under the Land Sales Act.  <u>See</u> Dkt. No. 298; <u>see also</u> <u>Plant v. Merrifield Town Ctr. Ltd. P'ship</u>, 711 F. Supp. 2d 576, 597 (E.D. Va. 2010) (purchasers had no right to a jury trial for alleged violations of the Land Sales Act where they sought rescission of condominium purchase agreements and the return of their deposits).

Interest and attorneys' fees also do not give rise to a jury trial right.  (<u>See</u> Dkt. No. 191, at 6 (citing <u>SPSS, Inc. v. Nie</u>, No. 08 C 66, 2009 WL 2579232, at *3 (N.D. Ill. Aug. 19, 2009) (no right to a jury for attorneys' fees); Dkt. No. 199, at 6 (citing <u>Movitz v. First Nat. Bank of Chicago</u>, 982 F. Supp. 566, 568-69 (N.D. Ill. 1997), <u>aff'd</u> 148 F.3d 760 (7th Cir. 1998) (prejudgment interest, whether statutory or equitable, is decided by the <u>court</u>).)  Plaintiff does not dispute this.  (See Dkt. No. 198.)

Because none of Plaintiff's remaining alleged damages under the Land Sales Act entitle her to a jury trial, the Court should decide Plaintiff's Land Sales Act claim.

## B.     No Jury Under Consumer Fraud Act

Plaintiff is also not entitled to a jury for her Consumer Fraud Act claim for the reasons just stated and the additional reasons set forth in Defendants' Motion For Judgment As A Matter Of Law On Plaintiff's Consumer Fraud Act Claim, which is incorporated herein by reference. That brief explains that Plaintiff's Fraud Act claim fails as a matter of law because she has no <u>actual</u> <u>damages</u>.  If the Court agrees, then it need not reach the jury trial issue with respect to Plaintiff's Fraud Act claim.  In all events, the absence of "actual damages" under the Fraud Act

also compels the conclusion that Plaintiff has no right to a jury trial.  (<u>See</u> Dkt. 190 at 7-8.)

**III.    PLAINTIFF'S ATTORNEYS SHOULD BE**
**BARRED FROM SUGGESTING TO THE JURY**
**<u>A SPECIFIC AWARD OF EMOTIONAL DAMAGES</u>**

As explained above, Plaintiff's claim for emotional damages fails as a matter of law.  If the Court agrees, then it need not read any further.  In the event, however, that the Court allows Plaintiff's emotional damages claim to go to the jury, the Court should bar Plaintiff's attorneys from suggesting to the jury a specific award of emotional damages.  Or, at the very least, the Court should bar Plaintiff's attorneys from suggesting a legally unreasonable award.

**A.      Plaintiff's Attorneys Should Be Barred From**
**<u>Suggesting To The Jury A Specific Award Of Emotional Damages</u>**

The Court has discretion to prohibit Plaintiff's attorneys from suggesting a specific award of emotional damages to the jury.  <u>Cf.</u> <u>Waldron v. Hardwick</u>, 406 F.2d 86, 89 (7th Cir. 1969) (trial court acted within its discretion in allowing counsel to make per diem argument for pain and suffering damages).  Based on Plaintiff's failure to disclose these damages during discovery; the absence of any detailed or objective evidence supporting them; and the jury's ability to determine an award on its own, the Court should bar Plaintiff's attorney from suggesting a specific -- and entirely arbitrary -- award of emotional damages.

During discovery, Plaintiff failed to disclose any computation of her alleged emotional damages and failed to produce any "documents or other evidentiary material . . . on which [a] computation [of emotional damages would be] based."  (Dkt. No. 252, Order, at 2.)  Then, in her Pretrial Order, Plaintiff again failed to itemize her alleged emotional damages.  (<u>Id.</u> (quoting Dkt. No. 226, ¶ 6).)  Plaintiff defended her failures by arguing that her alleged emotional damages are "<u>vague</u> and <u>difficult</u> <u>to</u> <u>calculate</u>," and that "evidence of the amount of harm she suffered will come [<u>only</u>] from her own testimony."  (<u>Id.</u> (citing Dkt. No. 236, Pl.'s MIL Resp., at 29, 33).)

The Court ruled that Plaintiff should be sanctioned for her failures but should not be barred from testifying about her alleged emotional damages. (<u>Id.</u> at 2-3.)[1]

In so ruling, the Court held that "compensatory damages can be 'very difficult to quantify, <u>leaving it to the jury to select a dollar amount</u> that it believes will fairly compensate the plaintiff.'" (<u>Id.</u> (emphasis added; citations omitted).) In other words, the Court ruled that it should be left to the <u>jury</u> -- and not Plaintiff's counsel -- to quantify these alleged damages.

Moreover, because the conclusory testimony of Plaintiff and her agent regarding emotional damages was information available to Plaintiff throughout the case, Plaintiff has no justification for her failure to disclose the amount of emotional damages she seeks in connection with her Rule 26(a)(1)(A)(iii) disclosures or the Pretrial Order. Her failure to disclose this damages computation was not harmless because it deprived Defendants of the opportunity to question her about it during discovery and understand what, if anything, it is based upon. Therefore, the Court should sanction Plaintiff pursuant to Rule 37 by precluding her counsel from suggesting a specific award to the jury. (<u>See</u> Dkt. No. 252, at 2 (sanctioning Plaintiff under Rule 37 by precluding her from using at trial documentary evidence that she failed to disclose during discovery).)

### B. In All Events, Plaintiff's Attorneys' Should Be Barred From <u>Suggesting An Award of Emotional Damages That Is Unreasonable</u>

Plaintiff has disclosed her intent to seek an emotional damages award of $500,000 or more (<u>i.e.</u>, Plaintiff's itemized emotional damages). Such an award is patently unreasonable in light of the complete absence of <u>any</u> evidence of emotional damages, especially when compared to emotional damages awards in other cases.

---

[1] Defendants respectfully disagree with the Court's decision to allow Plaintiff to testify about her emotional damages and reserve all rights with respect thereto.

For instance, in a retaliatory discharge case, the Seventh Circuit reduced an award of emotional damages from $200,000 to $30,000 -- despite the plaintiff's supervisor twice subjecting her to "racist tirades" that "were understandably offensive and disturbing" and the plaintiff's testimony "that she was 'disturbed,' 'devastated' and 'upset' [about] losing her job." Schandelmeier-Bartels v. Chicago Park Dist., 634 F.3d 372, 389-91 (7th Cir. 2011). The court stated that higher damage awards affirmed in other cases "were supported with first- and third-person testimony regarding ongoing emotional and physical effects of the discrimination suffered by the plaintiffs," and held that "[i]n the absence of stronger evidence of long-lasting emotional harm to plaintiff, and even giving due deference to the jury's determination, we find that an award higher than $30,000 on this record would be unreasonable." Id.

The court found the awards in the following cases more appropriate sources of comparison: (1) $200,000 award reduced to $20,000 "based on plaintiff's brief testimony that he had undergone weekly therapy sessions for several months to treat depression" (Marion County Coroner's Office v. Equal Employment Opportunity Comm'n, 612 F.3d 924, 930-31 (7th Cir. 2010); (2) $15,000 award "where plaintiff testified that she was very upset by how she was treated, felt embarrassed, and nearly became homeless as a result of discriminatory discharge" (Pickett v. Sheridan Health Care Center, 610 F.3d 434, 446 (7th Cir. 2010)); (3) $100,000 award reduced to $27,000 "where plaintiff testified to 'nontrivial symptoms of anxiety and other forms of emotional distress' due to belated promotion" (Lust v. Sealy, 383 F.3d 580, 589 (7th Cir. 2004)); (4) $100,000 award reduced to $50,000 "based on plaintiff's testimony that she became depressed, angry, and humiliated following co-worker's retaliatory promotion, and suffered from stomachaches and difficulty sleeping" (David v. Caterpillar, Inc., 324 F.3d 851, 864 (7th Cir. 2003)); and (5) $80,000 in damages for emotional distress where plaintiff felt "degraded" and

"backstabbed" by employer (<u>Tullis v. Townley Engineering & Mfg. Co.</u>, 243 F.3d 1058, 1067-68 (7th Cir. 2001)). <u>Id.</u> at 390.

The district court in <u>Molino v. Bast Servs., Inc.</u>, No. 08 C 4399, 2011 WL 841891 (N.D. Ill. Mar. 7, 2011) recently analyzed many of these same cases and "interpret[ed them] as creating a ceiling above which awards are excessive, not as creating a floor below which awards are insufficient . . . [and took] seriously the admonishment not to be casual with someone else's money." <u>Id.</u> at *4-5. The court thus found a $25,000 emotional damages award appropriate where the plaintiff "suffered shock, confusion, panic, anxiety, stress, depression, loss of appetite followed by weight gain, severe sleeplessness, crying jags, humiliation, embarrassment, panic attacks, headaches and loss of self esteem and self worth . . . [and h]er distress lasted for years, until she obtained her current position." <u>Id.</u> at *5.

In connection with his Fraud Act claim, the plaintiff in <u>Clodfelter v. United Processing, Inc.</u>, No. 08-CV-2131, 2008 WL 4225557, at *5 (C.D. Ill. Sept. 12, 2008), sought a default judgment for emotional damages of $1,000,000. Even without any opponent present to challenge his claim, the court held that plaintiff was entitled to no more than $100,000. <u>Id.</u> There, plaintiff's mother provided a corroborating affidavit and his own affidavit "set out in detail [defendant's] actions in contacting family members and an employer and stating that Plaintiff would be criminally prosecuted and arrested for failing to pay a debt" -- circumstances severe enough for the court to consider them "inherently degrading." <u>Id.</u>

Plaintiff's and her agent's conclusory statements regarding Plaintiff's alleged emotional damages in this case are less detailed and compelling than the evidence in the cases described above, in which courts <u>reduced</u> emotional damage awards. Moreover, in this case, Plaintiff is a sophisticated real estate investor who knew that Defendants had the right to modify the Property

Report. Under these circumstances, any award of emotional damages -- especially a six-figure award -- would be untenable and subject to reversal or a remittitur. Accordingly, Plaintiff's attorneys should not be permitted to suggest that the jury award $500,000, or anything close to that amount.

## C. If The Court Permits Plaintiff's Attorneys To Suggest To The Jury A Specific Award Of Emotional Damages, Defendants Respectfully Request The Court To Issue A Corresponding Cautionary Instruction

In all events, if the Court determines that it is permissible for Plaintiff's attorneys to suggest a specific award of emotional damages in this case (it should not), Defendants respectfully request that the Court issue a corresponding cautionary instruction. In Evoy v. CRST Van Expedited, Inc., 430 F. Supp. 2d 775, 782-83 (N.D. Ill. 2006), Judge Kennelly addressed whether a defendant was entitled to a new trial due to plaintiff's attorney's suggestion of "a specific non-economic damage award to the jury." In denying defendant's motion for a new trial, Judge Kennelly found that the following cautionary instruction was sufficient to address plaintiff's concerns of unfair prejudice:

> Any figures proposed by counsel in their arguments are not evidence as to the amounts of damages you should award, but rather constitute arguments, which you are free to disregard in your deliberations.

Id. at 783 & n.2. Defendants respectfully request that the Court issue the same cautionary instruction in this case if it permits Plaintiff's attorneys to suggest to the jury a specific award of emotional damages.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (a) award judgment in favor of Defendants and against Plaintiff regarding Plaintiff's claim for emotional damages; and (b) grant Defendants such other and further relief as is appropriate. In the

alternative, the Court should (c) bar Plaintiff's attorneys from suggesting to the jury any specific award of emotional damages; (d) bar Plaintiff's attorneys from suggesting to the jury a legally unreasonable award of emotional damages; or (e) issue a cautionary instruction to the jury in conjunction with Plaintiff's attorneys' suggestion of any specific award of emotional damages.

Respectfully submitted,

401 NORTH WABASH VENTURE LLC
and TRUMP CHICAGO MANAGING
MEMBER LLC

By:          /s/ Stephen Novack
                  One of Their Attorneys

## CERTIFICATE OF SERVICE

Stephen Novack, an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this 21st day of May, 2013.

_____/s/ Stephen Novack_____