UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JACQUELINE GOLDBERG**, | ) | No.   09 C 6455 |
| | ) | |
| Plaintiff, | ) | Honorable Judge Amy St. Eve |
| vs. | ) | |
| | ) | **JURY DEMAND** |
| **401 NORTH WABASH VENTURE LLC**, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' BILL OF COSTS**

Plaintiff Jacqueline Goldberg (Ms. Goldberg), through her attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., respectfully submits her memorandum in opposition to the Bill of Costs filed by defendants 401 North Wabash Venture L.L.C. and Trump Chicago Managing Member, L.L.C. (the Trump Defendants).

**I.  INTRODUCTION**

After a six day jury and bench trial, verdicts were entered in favor of the Trump Defendants. (R. 374.)  Ms. Goldberg filed a timely Motion for a New Trial.  (R. 375.)  The Trump Defendants thereafter filed a Bill of Costs seeking over $55,000 to which they contend they are entitled under federal law as the "prevailing party." (R. 376.)  Ms. Goldberg respectfully submits the Court should exercise the equitable authority to which it is provided in such matters to deny the request for costs and, to the extent it is not denied and in the interest of efficiency and conservation of resources, defer the assessment of costs until the determination of the prevailing party is in this matter is final, e.g., when post-trial and/or appellate proceedings are completed.  Even assuming arguendo the Court decides to consider and assess costs at this point in the proceeding, the Bill of Costs is substantially overstated and should be reduced considerably because it seeks reimbursement for items which are either not recoverable as taxable costs and/or not recoverable as unreasonable or unnecessary costs.

1

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 54 (Rule 54) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." See Fed. R. Civ. P. 54(d)(1); LG Electronics U.S.A., Inc. v. Whirlpool Corp., 2011 WL 5008425 at *1. (N.D. Ill.)  The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes: (1) fees of the clerk and marshal; (2) fees for transcripts; (3) witness fees and expenses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court-appointed experts and interpreters. Id. (internal citations omitted).  The prevailing party has the burden to demonstrate the amount, reasonableness and necessity of its claimed recoverable costs.  Id.; Tellular Corp. v. Mentor Graphics Corp., 2006 WL 1722375 at *1 (N.D. Ill.).  Rule 54(d)(1) "provides a presumption that the losing party will pay costs, but grants the court discretion to direct otherwise." LG Electronics, supra, 2011 WL 5008425 at *1.  The Seventh Circuit stated that district courts in all cases retain "the equitable authority to deny compensation to a prevailing party for costs that are compensable under the statute." Cefalu v. Vill. of Elk Grove, 211 F.3d 416, 429 (7th Cir. 2000).

To the extent district courts choose to assess costs, they retain "considerable discretion in determining whether a particular cost is reasonable and necessary."  Id.; Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 642 (7th Cir. 1991).  Although district courts have considerable discretion in the assessment of allowable costs, the court's discretion is "not unfettered." Northbrook Excess, supra, 924 F.2d at 642.  District courts must review a bill of costs independently "in scrupulous detail." LeMoine v. Combined Communications Corp., 1996 WL 435115 at *1 (N.D. Ill. 1996). District courts may not award costs for, among other things, expenses which fall outside the enumerated categories (Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.

2

437, 441-42 (1987)); incurred merely for the convenience of the prevailing party (Barber v. Ruth, 7 F.3d 636, 645 (7th Cir.1993)); or for expenses which are unsupported by sufficient documentation from which the court can determine whether the claimed cost was recoverable, reasonable and necessary (Buford v. City of Chicago, Ill., 2010 WL 522656 at * 2 (N.D. Ill.).

### III.  THE COURT SHOULD DENY OR DEFER TAXATION OF COSTS

Ms. Goldberg respectfully submits that the Court should exercise its "equitable authority to deny compensation" to the Trump Defendants for "costs that are compensable under the statute." Cefalu, supra, 211 F.3d at 429.  Ms. Goldberg attempted to conduct the litigation in the most efficient manner possible and should not have to bear the additional burden of paying any costs for forcing the Trump Defendants to do what, at the very least, fairness and equity required: explain the substantial changes they made to the $2 million condos Ms. Goldberg had agreed to purchase.

Alternatively, Ms. Goldberg respectfully submits the Court should, in the interest of efficiency and conservation of resources, exercise the considerable discretion to which it is provided under Rule 54 to defer the assessment of costs the determination of the prevailing party is in this case is final, e.g., after post-trial and/or an appellate proceedings are completed.  The decision to proceed with taxation of costs or to defer the assessment of costs pending final resolution of the case is within the sound discretion of the district court, and several district court have deferred the assessment of costs pending the final resolution of the case.  See, e.g., U.S. ex rel. Lewis v. Walker, 2010 WL 5169085 at * 1 (M.D. Ga.); KiSKA Const. v. Washington Metro., 2002 WL 393082 (D.D.C.)(absent prejudice and in the "interest of judicial efficiency" assessment of costs delayed pending final resolution of the case); In re E. Erectors, Inc., 396 F. Supp. 797, 800 (E.D. Pa. 1975)(following cases which award costs after final resolution as a "more efficient use of the judicial process . . ."); Brown v. Am. Enka Corp., 452 F. Supp. 154, 160 (E.D. Tenn. 1976)(cost award delayed until appeal is

completed); American Infra-Red Radiant Co. v. Lambert Industries, Inc., 41 F.R.D. 161, 164 (D. Minn. 1966) (denying costs pending appeal); cf. Fed. R. App. P. 8(a) (district courts retain discretion to stay judgment pending appeal).

While district courts have gone both ways on the issue, Ms. Goldberg respectfully submits the better course to follow here and the more efficient and conservative use of resources in this case is to defer the assessment of costs until the results of the case are final. Ms. Goldberg filed a substantiative Motion for a New Trial and is entitled thereafter to file an appeal if the motion is denied. As such, the status of the Trump Defendants as the "prevailing party" in the case is not yet final and is subject to being substantially modified and/or reversed. In the event the judgments entered are reversed or substantially modified, any costs awarded to the Trump Defendants as the previously prevailing party would be automatically vacated. See, e.g., Furman v. Cirrito, 782 F.2d 353, 355 (2d Cir. 1986)(citing 10 Wright, Miller & Kane, Federal Practice and Procedure, § 2668 at 213-14). It would be more efficient to withhold litigating and assessing costs until after the case is resolved once and for all because the entire issue may be mooted by the post-trial and/or appellate proceedings. The Trump Defendants would hardly be prejudiced by holding its request for costs in abeyance pending the final resolution of the post-trial procedures. Accordingly, the Court should exercise its discretion to deny and/or defer assessment of the Bill of Costs until the case is final.

## IV.  THE BILL OF COSTS SEEKS REIMBURSEMENT FOR NON-RECOVERABLE, UNNECESSARY  AND/OR UNREASONABLE EXPENSES

Even assuming arguendo the Court is inclined to consider the Bill of Costs at this point in the proceedings, federal law is clear that the Bill of Costs is substantially overstated and should be reduced considerably because it seeks reimbursement for items which are either not recoverable as taxable costs and/or not recoverable as unreasonable or unnecessary costs.  The Bill of Costs seeks an award of costs for: (1) service of subpoenas; (2) costs for court transcripts; (3) costs for deposition transcripts; (4) witness fees and costs; (5) photocopying costs; (6) electronic discovery costs; and (7) docketing costs.  (R. 376.)  Ms. Goldberg challenges each request (apart from the docketing cost which Ms. Goldberg does not challenge) as addressed separately below.

### A.  Costs For Service of Subpoenas

The Trump Defendants seek $220 in costs incurred for service of three subpoenas they issued in this case: two to their own real estate agents (Mr. Shearer and Ms. Proctor) and one to Ms. Goldberg's real estate agent (Ms. Vogue).  (R. 376, Ex. A.)  They also include a $55 charge for an unsuccessful attempt to serve Ms. Proctor with the subpoena.  (R. 376-2, at 3.)  Under federal law, costs incurred for service of subpoenas are taxable as costs and the prevalent course in this district is to award $55 per served person, the minimum amount charged by the Marshal.  Serwatka v. City of Chicago, 2011 WL 2038725 at * 3 (N.D. Ill.)(citing cases).  Based on the Rule 54 legal standards, the costs sought by the Trump Defendants for service of the three subpoenas they issued should be substantially reduced.

The Trump Defendants seek $110 for the costs incurred for service of subpoenas on the parties' real estate agents which should be rejected as unnecessary.  The Trump Defendants make no showing as to why it was necessary to incur service costs to serve subpoenas on their own real estate agents or Ms. Goldberg's real estate agent.  Mr. Shearer testified that he has and does visit

5

Trump Tower to show units available for sale to his clients and would like to work for the Trump Defendants in the future. Ms. Proctor lives in Trump Tower. Mr. Shearer and Ms. Proctor are represented by the same lawyer, Richard Perna, who appeared in this case to represent them in these proceedings. The Trump Defendants could have avoided the cost entirely by serving the subpoenas by agreement with Mr. Perna and Ms. Goldberg's counsel, which is a common and accepted practice in this district. As such, the Trump Defendants failed to meet their burden to substantiate that the cost was reasonable and necessary. LG Electronics, supra, 2011 WL 5008425 at *4; Buford, supra, 2010 WL 522656 at * 2.

The claimed expense for the unsuccessful attempt to serve Ms. Proctor with the subpoena should be rejected for the same reasons. The Trump Defendants provide nothing to establish the purported cost for the unsuccessful service of a subpoena is recoverable nor any information regarding the work required to attempt to serve Ms. Proctor in order to determine whether the costs were necessary. Buford, supra, 2010 WL 522656 at * 2. For the same reasons stated above, the unsuccessful service of subpoena cost could and should have been avoided entirely. As such, the Court should reject the request for this cost.

### B. Costs For Court Transcripts

The Trump Defendants seek $14,019.50 in costs for transcripts of court proceedings. (R. 376, Ex. B.) These costs include $13,086.15 for daily trial transcripts and $933.35 for transcripts for other pre-trial proceedings. Under federal law, a court may tax as costs the "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Majeske v. City of Chicago, 218 F.3d 816, 825 (7th Cir. 2000)(internal citation omitted.) A prevailing party cannot recover costs associated with a transcript requested for its own convenience. Bogan v. City of Chicago, 2010 WL 2635789 at * 2-3 (N.D. Ill.)(internal citations omitted).

6

### 1. Daily Trial Transcript Costs Not Recoverable

The Trump Defendants seek an award of $13,086.15 for the daily trial transcripts they chose to order. (R. 376, Ex. B.) Costs for daily transcripts generally are not reasonably necessary, and may not be recovered where, as here, the case is short and simple. See, e.g., Allen v. City of Chicago, 2013 WL 1966363 (N.D. Ill.)(five day trial did not require daily transcripts and collecting other similar cases). The Trump Defendants make no showing that ordering daily trial transcripts was necessary in this case. Instead, they contend the need for daily trial transcripts was "self-evident" because Ms. Goldberg ordered them. Ms. Goldberg ordered a copy of what the Trump Defendants ordered and only after the Trump Defendants ordered it. Regardless, whether Ms. Goldberg ordered daily trial transcripts has no bearing on whether they were necessary. The failure to substantiate the reasons why ordering daily trial transcripts was necessary demonstrates why these costs should be denied. LG Electronics, supra, 2011 WL 5008425 at *4; Buford, supra, 2010 WL 522656 at * 2.

Regardless, this is not the type of complex case for which ordering daily trial transcripts was necessary. The case was not long and lasted only six days. The issues were not complex. All but three of the witnesses were current or former agents and employees of the Trump Defendants with whom they had the unlimited and unrestricted ability to contact. Given these circumstances and under well-settled precedent in this district, the decision made by the Trump Defendants to obtain daily trial transcripts was a matter of convenience not necessity. Allen, supra, 2013 WL 1966363. As such, the request for daily trial transcript costs should be rejected *in toto*.

### 2. Pre-Trial Hearing Transcript Costs Should Be Substantially Reduced

The Trump Defendants seeks $933.35 for transcripts for pre-trial proceedings ($668.50 for the Levin Daubert hearing, $181.80 for two pre-trial conference hearings, and $63.50 for one motion hearing on the Motion for Leave to Depose Donald Trump). Apart from the pre-trial conference

7

$181.80 cost for the pre-trial conference transcripts (which Ms Goldberg does not contest), none of these costs were necessary. The Court provided detailed written rulings after the Daubert and motion hearing. Given these circumstances and under well-settled precedent in this district, the decision made by the Trump Defendants to obtain these trial transcripts was a matter of convenience not necessity. Allen, supra, 2013 WL 1966363. Accordingly, Trump Defendants should be awarded no more than $181.80 in court transcript fees.

### C. Costs for Deposition Transcripts

The Trump Defendants improperly include in their deposition transcript costs $552.45 for shipping, electronic copies of transcripts, condensed versions (when regular versions were purchased) and exhibits (when copies of exhibits were provided at the depositions). These costs are improper. Menasha Corp. v. News Am. Mktg. Instore, Inc., 2003 WL 21788989 (N.D. Ill. 2003) ("Shipping costs…have generally been deemed ordinary business expenses that may not be recovered by the prevailing party."); Angevine v. WaterSaver Faucet Co., 2003 WL 23019165 (N.D. Ill. 2003) (A party's "administrative costs," such as shipping costs and charges for discs, are not recoverable.); Ochana v. Flores, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) ("Costs for condensed transcripts are not recoverable.").

### D. Costs for Witness Fees and Expenses

The Trump Defendants seek over $15,000 in costs incurred for witness mileage, fees and costs pursuant to 28 U.S.C. § 1821(c)(1). (R. 376, Exs. D1 & D2.). Under federal law, "a witness in attendance at any court of the United States ... or before any person authorized to take his deposition ... shall be paid the fees and allowances provided by this section.... See 28 U.S.C. § 1821(a)(1), (d)(1); DSM Desotech, Inc. v. 3D Sys. Corp., 2013 WL 3168730 (N.D. Ill.). As discussed below, the request for these costs should be substantially reduced.

**1. Travel Expenses**

The Trump Defendants seek a total of $8,451 in witness travel expenses ($6,595.00 in airfare and $1,856.13 in ground transportation). Section 1821 states that with respect to travel, the prevailing party must demonstrate the witness used "the shortest practical route in going to and returning from the place of attendance" and utilized "a common carrier at the most economical rate reasonably available." Id. The "receipt or other evidence of actual cost shall be furnished." Id. The Trump Defendants provided receipts, but failed to provide any basis from which Ms. Goldberg or the Court could determine that the expenses were incurred using the "shortest practical route" or the "most economical rate reasonably available." Indeed, the airfare rates range from $256.35 to $1,394.80. No information was provided to explain the reasons for the wide range. No information was provided about when the tickets were purchased or the effort undertaken to ensure that the costs were incurred based upon the "most economical rate reasonably available." The Trump Defendants and the witnesses knew months in advance when they would be required to travel to Chicago which further supports the conclusion that the charges incurred were not the "most economical rates reasonably available." As such, the Trump Defendants failed to meet their burden to substantiate that these costs were reasonable and they should be rejected. LG Electronics, supra, 2011 WL 5008425 at *4; Buford, supra, 2010 WL 522656 at * 2.

Likewise, the Trump Defendants seek $1,856.13 in ground transportation costs, but failed to provide any basis to determine that the expenses were incurred using the "most economical rate reasonably available." The receipts provided show that many of the witnesses traveled using a private chauffeured transportation service, which surely cannot be the most "economical rate reasonably available." (R. 376-5, p. 7.) As such, the Trump Defendants failed to meet their burden to substantiate that theses costs were reasonable and they should be rejected.

## 2. Subsistence Allowance

The Trump Defendants seek a total of $6,534 for witness subsistence allowances. Under federal law, subsistence costs for witnesses are recoverable when "an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). A subsistence allowance for a witness "shall be paid in an amount not to exceed the maximum per diem allowance" set for employees of the Federal Government. 28 U.S.C. § 1821(d)(2). Thus, "the amount taxable is the amount actually paid or the statutorily defined amount, whichever is less." Trading Technologies Int'l, Inc. v. eSpeed, Inc., 750 F. Supp. 2d 962, 971 (N.D. Ill. 2010)(internal citations omitted). At the time of the trial, the maximum per diem allowance was $242.

The Trump Defendants seek $2,904 in deposition witness subsistence costs for four witnesses (Weiss, Reiss, Petrus and Howie) for ten total days. (R. 376-5, p. 2.) These costs are overstated and should be reduced. Andrew Weiss and Charles Reiss were each deposed in one day. The Court limited the time for Charles Reiss's deposition to five hours, less than one day. (R. 94) Yet the Trump Defendants seek three days of subsistence allowance for each them. The Trump Defendants provide no explanation for why these witnesses were required for three days when their depositions lasted one day. As such, the Trump Defendants should be entitled to no more than $1,936 in witness subsistence allowance for pre-trial depositions (4 witnesses, 2 days, $242 per day = $1,936.)

The Trump Defendants also seek $3,630 in trial witness subsistence costs for five witnesses (Cremer, Howie, Petrus, Reiss and Trump) for 15 total days. These costs are overstated and should be reduced. Only the testimony of Donald Trump and Jim Petrus occurred on two days. Charles Reiss completed his testimony in one day, yet the Trump Defendants seek a subsistence allowance for four days, two of which occurred after he completed his trial testimony. Brent Howie completed

10

his trial testimony in a few hours, yet the Trump Defendants seek a subsistence allowance for him for four days. As such, the Trump Defendants should be entitled to no more than $2,420 in witness subsistence allowance for pre-trial depositions (5 witnesses, 2 days, $242 per day = $2,420.) Accordingly, for these reasons, and to the extent the Court is inclined to award a subsistence allowance, it should not exceed $4,356 ($2,420 + 1,936 = $4,356)

### E. Costs for Expert Witness

The Trump Defendants seek $5,000 for expert witness fees. Federal Rule of Civil Procedure 26(b)(4)(E) "gives the court the discretion to order the seeking party pay the responding party a fair portion of the fees and expenses incurred in obtaining information from the expert." LG Electronics, 2011 WL 5008425, at *3 (quoting Rhee v. Witco Chem. Corp., 126 F.R.D. 45, 48 (N.D. Ill. 1989)). It was designed to "meet the objection that it is unfair to permit one side to obtain without cost the benefit of an expert's work for which the other side had paid, often a substantial sum." Rhee, 126 F.R.D. at 48 (internal citation omitted). Exercise of this discretion is dependent upon "whether the seeking party is learning about the other party's case, for purposes such as developing an effective expert cross examination, or going beyond this to develop his own case." Id.

Ms. Goldberg respectfully submits that the Court should exercise its discretion and reject the request for costs for this expense. Mr. Howie was the Trump Defendants's expert witness and he was deposed after summary judgment was denied. As a result, his deposition was conducted to learn about the defense case, not to develop Ms. Goldberg's case. This cost should be rejected for another reason. Howie's invoice is for $5,995 and the Trump Defendants provide no basis or reasons why $5,000 is the "fair portion" of the invoice Ms. Goldberg should pay. As such, the Trump Defendants failed to meet their burden to substantiate that the cost was reasonable and necessary. LG Electronics, supra, 2011 WL 5008425 at *4; Buford, supra, 2010 WL 522656 at * 2.

11

### F. Costs for Vendor Copies

The Trump Defendants seek $1,448.05 for vendor copying. (R. 376, Ex. F.) Federal law permits district courts to tax as costs "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." See 28 U.S.C. § 1920(4); LG Electronics U.S.A., Inc. v. Whirlpool Corp., 2011 WL 5008425 at * 6-7 (N.D. Ill.) Courts interpret Section 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. Id. (Internal citations omitted.) The prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," but must "give the Court readily identifiable information to determine whether these costs are reasonable, recoverable, and . . . 'necessarily obtained for use in the case.'" LG Electronics, supra, 2011 WL 5008425 at *6-7 (citing Northbrook Excess, supra, 924 F.2d at 643.

Ms. Goldberg does not dispute the $538 in copying costs made for exhibits provided to the Court prior to trial, but the Trump Defendants also seek $910 for TIFF and PDF blowbacks and other copies without providing any basis to substantiate the need for these costs. As a result, Ms. Goldberg challenges all these so-called copying costs. Given that there is no specific indication that these copies were used for anything other than convenience, they are not taxable and thus should be rejected. LG Electronics U.S.A.,, supra, 2011 WL 5008425 (rejecting costs for blowbacks.)

### G. Costs for Electronic Discovery

The Trump Defendants seek $6,907.19 for "electronic discovery" costs. (R. 367, Ex. G.) The Trump Defendants provide no information to determine whether the costs were reasonable or necessary. As such, the Trump Defendants failed to meet their burden to recover the expenses as costs. LG Electronics, supra, 2011 WL 5008425 at *4; Buford, supra, 2010 WL 522656 at * 2.

There was nothing unique or novel about the case that required extensive electronic discovery. The invoice submitted appears to reflect that the costs incurred were for hosting the electronic space for the documents produced in discovery (of which the Trump Defendants produced only approximately 5,000). Plaintiff's counsel stored all of these documents on CDs and their desktop computer at no cost. As a result, these are not the type of costs which should be taxed. See Rawal v. United Air Lines, Inc., 2012 U.S. Dist. LEXIS 2012 WL 581146 (N.D. Ill.)(disallowing costs associated with electronically producing and processing email accounts and user-created files into a searchable format); Race Tires America, Inc., et al. v. Hoosier Racing Tire Corp., 674 F.3d 158, 169–171 (3d Cir.2012) (discussing what, if any, costs of electronic discovery are recoverable under section 1920). "Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations." Race Tires America, Inc., 674 F.3d at 169. "Indeed, there is a 'presumption ... that the responding party must bear the expense of complying with discovery requests.' " *Id.* at 170–171 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978). Accordingly, the Court should award the Trump Defendants no costs for electronic discovery. Even assuming arguendo the Court were inclined to award electronic discovery costs, the cost requested should be substantially reduced.

## IV. CONCLUSION

For the foregoing reasons, plaintiff Jacquelyn Goldberg respectfully requests that the Court deny and/or defer the assessment of costs pending the final resolution of the case or, alternatively, reduce the Bill of Costs as set forth herein.

                                                                Respectfully submitted,

                                                                Jeffrey R. Kulwin

Shelly B. Kulwin
Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
312/641-0300

## **CERTIFICATE OF SERVICE**

   I, Jeffrey R. Kulwin, an attorney, certifies that he caused copies of the foregoing to be served by electronically filing the document with the Clerk of Court using the ECF system this July 18, 2013.

                      /s/ Jeffrey R. Kulwin