## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE GOLDBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09 C 6455 |
| | ) | |
| 401 NORTH WABASH VENTURE LLC and | ) | |
| TRUMP CHICAGO MANAGING | ) | |
| MEMBER LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On May 31, 2013, the Court entered judgment in favor of Defendants 401 North Wabash Venture L.L.C. and Trump Chicago Managing Member, L.L.C. ("Defendants") on all four pending counts. Defendants, as the prevailing party, now seek $55,130.20 in costs pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1). (R. 376, Bill.)

## LEGAL STANDARD

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *See* Fed. R. Civ. P. 54(d)(1); *see also* Cook v. Illinois Dept. of Corrections, --- Fed Appx. ---, No. 11-3796, 2013 WL 3215690, at *3 (7th Cir. June 26, 2013). The list of recoverable costs pursuant to 28 U.S.C. § 1920, includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation for court-appointed experts and interpreters. *See U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Republic Tobacco Co. v. North Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007). Rule 54(d)(1) "provides a presumption that

1

the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006); *see also U.S. Neurosurgical*, 572 F.3d at 333. Taxing costs against the non-prevailing party requires two inquiries—whether the cost is recoverable and whether the amount assessed is reasonable. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam). District courts have considerable discretion in determining whether a particular cost is reasonable and necessary. *See U.S. Neurosurgical*, 572 F.3d at 333.

## ANALYSIS

As a threshold matter, Plaintiff requests that the court "defer its assessment of costs until the determination of the prevailing party is in this matter is final, e.g., when post-trial and/or appellate proceedings are completed." (R. 382, Opp. at 1.) First, the Court has since denied Plaintiff's motion for new trial. (R. 397.) Second, Plaintiff provides no binding authority supporting its proposal that the Court delay its decision on the bill of costs until resolution of appellate proceedings – which Plaintiff has not yet filed, and may not file – are complete. The Court denies Plaintiff's request to defer its ruling on Defendants' bill of costs. The Court, therefore, addresses below each category of costs which Defendants seek.

## I.     Service Fees

"Pursuant to 28 U.S.C. § 1920(1), Defendants seek costs in the amount of $220 for service of a deposition subpoena on Terry Vogue and service of trial subpoenas on Tere Proctor and Robert Shearer." (R. 375, Mem. at 2.) "Fees for service of process are recoverable under 28 U.S.C. § 1920(1), but may not exceed the U.S. Marshal's rate at the time process was served." *Hernandez-Martinez v. Chipotle Mexican Grill, Inc.*, No. 11 C 4990, 2013 WL 2384251, at *2 (N.D. Ill. May 30, 2013) (citing *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th

Cir.1996)).  The fee for personal service of a subpoena by the U.S. Marshal's Service is $55 per hour "plus travel costs and any other out-of-pocket expenses."  28 CFR § 0.114(a)(3).  Although Defendants used a private process server that charged more than $55.00 per hour, Defendants have reduced their request under Section 1920(1) to $55.00 per service.  (R. 376-2, Ex. A.)

Plaintiff argues that costs to serve Defendants' real estate agents or Ms. Goldberg's real estate agent are not reasonable because Ms. Proctor lives in Trump Tower.  (Opp. at 6.)  Plaintiff also argues that the "Trump Defendants could have avoided the cost entirely by serving the subpoenas by agreement with Mr. Perna [who represented Ms. Proctor and Mr. Shearer] and Ms. Goldberg's counsel, which is a common and accepted practice in this district."  (*Id.*)  Plaintiff provides no legal authority requiring Defendants to make such efforts to serve subpoenas. Rather, serving subpoenas via the U.S. Marshals service is an accepted and taxable practice. Defendants failed, however, to provide an accounting of the time their private process server spent serving each subpoena.  The Court, therefore, cannot determine whether the server spent two hours attempting to serve Ms. Proctor warranting a $110 cost.  *See Buford v. City of Chicago, Ill.*, No. 08 C 214, 2010 WL 522656, at *2 (N.D. Ill. Feb. 8, 2010) (declining to tax subpoena fees when defendants failed to provide an accounting of the time spent by the private company in serving the subpoenas).  The Court, therefore, will only tax Plaintiffs for service of three subpoenas at $55 each, totaling $165.

## II.    Transcripts for Proceedings

Defendants request fees of $14,019.50 for transcripts, including $13,086.15 for daily trial transcripts and $933.35 for transcripts for other pre-trial proceedings.  (Mem. at 3; R. 376-2, Ex. B.)  "The cost of a transcript is recoverable if it is "reasonably necessary to the case at the time it was taken."  *Chipotle*, 2013 WL 2382451 at *3.

3

### A.    Trial Transcripts

Defendants may recover for the cost of daily transcripts for multiple reasons.  First, the trial was sufficiently "lengthy and complex" to justify this cost, particularly because not all counts were before the jury.  *Id.* (quoting *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000)).  Indeed, the jury trial here lasted almost two weeks.  The parties filed numerous motions throughout the trial, arguing about issues such as jury instructions up until the eve of closing arguments.  Defendants, therefore, needed trial transcripts to address these issues as the trial progressed.  Additionally, because the jury only decided two of the four pending counts, with the Court rendering judgment on the remaining two counts subsequent to the jury's verdict, it was reasonable and necessary for Defendants to follow the evidence submitted at trial.

Second, even if Defendants did not need to order daily trial transcripts during the trial, it would have been reasonable and necessary to order those transcripts to respond to Plaintiff's motion for a new trial.  *See Chipotle*, 2013 WL 2384251 at *3 (stating that Chipotle would have been justified in ordering transcripts if it had filed or responded to post-trial motions); *Majeske*, 218 F.3d at 825 (finding that the prevailing party could recover costs of trial transcripts because where they attached portions of the transcripts to post-trial pleadings).  Indeed, Defendants cited to the trial transcript throughout their response to Plaintiff's motion for new trial.  (*See, e.g.,* R. 379 at 4-6, 9-13, 15, 17, 22, 24-27, 29-31).  Accordingly, the Court awards Defendants 13,086.15 for the daily trial transcripts.

### B. Pre-trial Transcripts

Plaintiff does not contest the $181.80 cost for the pre-trial conference transcripts. (Opp. at 8.) Plaintiffs seek a reduction of the remaining $751.55 for other transcripts for pre-trial proceedings ($688.50 for the Levin *Dauber*t hearing and $63.05 for one motion hearing on the Motion for Leave to Depose Donald Trump). (*Id*. at 7.) According to Plaintiff, Defendants ordered these transcripts as a matter of convenience rather than as a necessity. (*Id*. (citing *Allen*, 2013 WL 1966363).) Defendants have offered reasonable explanations, however, for ordering and taxing these select pre-trial transcripts. Specifically, Defendants explain:

> The *Daubert* Transcript was needed in connection with Defendants' Renewed *Daubert* Motion (Dkt. No. 173) and because, among other things, the Court clarified its prior *Daubert* ruling therein. The Deposition Transcript was necessary because, among other things, the Court made oral rulings that became relevant when Plaintiff renewed her motion to depose Mr. Trump, Sr.

Because the Court made oral rulings, or clarified its written *Daubert* ruling orally, in these particular transcripts and Defendants needed to review these rulings to make strategic decisions in their case, the costs for these transcripts are taxable. The Court, therefore, awards Defendants $933.35 for transcripts from pre-trial proceedings.

## III. Depositions Charges

Defendants seek $12,032.18 in costs for stenographic and videotaped depositions. (Mem. at 2.) Under Section 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff argues that the costs for "shipping, electronic copies of transcripts, condensed versions (when regular versions were purchased) and exhibits (when copies of exhibits were provided at the depositions)" – totaling $552.45 – are "improper." (Opp. at 8.) "Generally, condensed transcripts, electronic copies, etc. are considered to be obtained for the convenience of counsel,"

particularly where the parties also obtained stenographic transcripts of the depositions. *DSM Desotech, Inc. v. 3D Systems Corp.*, No. 08 cv 1531, 2013 WL 3168730, at *4 (N.D. Ill. June 20, 2013); *Chipotle*, 2013 WL 2384251 at * 3 ("Delivery fees, second copies, electronic versions of the transcript, and so forth are not allowable because they are regarded as a convenience or an ordinary business expense for the lawyer."). Additionally, the delivery of transcripts and scanning of deposition exhibits are for a lawyer's convenience rather than a reasonable necessity. *Chipotle*, 2013 WL 2384251 at * 3; *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 845 (N.D. Ill. 2003) (finding that shipping and handling costs for deposition transcript were not recoverable). Indeed, Defendants offered no explanation why electronic copies, condensed transcripts, or copies of the exhibits were necessary. Defendants also did not provide the Court with any information to determine whether the exhibits, for which they obtained scanned copies, "were reasonable and necessary, in that they aid in understanding an issue in the case." *Lewis v. City of Chicago*, No. 04 C 6050, 2012 WL 6720411, at *7 (N.D. Ill. Dec. 21, 2012); *see also U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.,* 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011). The Court, therefore, reduces Defendants' deposition charges by $552.45.

IV.     **Witness Fees and Expenses**

Defendants seek fees and expenses associated with certain witnesses who testified at depositions and trial, including (1) $168 in attendance fees and (2) $14,985,28 in travel, lodging, and subsistence expenses.

A.     **Attendance Fees**

Defendants seek $88 in appearance and mileage fees for lay witnesses Robert Shearer and Tere Proctor, each of whom testified for less than a day. (Mem. at 4.) They also seek $80 in

appearance fees for the two days that Brent Howie, their expert, appeared for trial.  (*Id*.)  Plaintiff

does not contest these fees, and the Court will award them.

### B.     Travel Expenses

Defendants seek $6595.15 for airfare for witnesses.  (R. 376-5, Ex. D2.)  28 U.S.C. §

1821(c)(1) authorizes recovery of "actual expenses of travel . . . by the shortest practical route . .

. utiliz[ing] a common carrier at the most economical rate reasonably available."  Plaintiff argues

that Defendants failed to provide any basis from which Ms. Goldberg or the Court could

determine that the expenses were incurred using the 'shortest practical route' or the 'most

economical rate reasonably available.'"  (Opp. at 9.)  Defendants, did, however, provide invoices

of the flights which the witnesses at issue took – most of which were direct flights from New

York to Chicago.  (Ex. D2.)  Plaintiff contends that the wide range in airfare costs indicates that

Defendants may not have used the "most economical rate reasonable available."  (Opp. at 9.)

Common sense, however, dictates that flight costs vary depending on availability and how far in

advance a ticket is purchased.  Plaintiff attempts to counter this common sense explanation by

stating that the "Trump Defendants and the witnesses knew months in advance when they would

be required to travel to Chicago."  (*Id*.)  This argument fails to recognize that, although the trial

date was set months in advance, Plaintiff did not inform the Trump Defendants or the witnesses

which day each witness would testify until days, or sometimes a single day, prior to the

witnesses' testimony.  Defendants may, therefore, recover $6595.15 for airfare expenses for

witnesses.  *See, e.g., Petit v. City of Chicago*, No. 90 C 4984, 2003 WL 22339277, at *9 (N.D.

Ill. Oct. 10, 2003) ("It was reasonable for defendant to book the air flights on short notice rather

than possible advance purchase rates suggested by plaintiff").

Plaintiff also argues that the Court should reduce the ground transportation costs which Defendants seek, totaling $1856.13. (Ex. D2; Opp. at 9.) Plaintiff contends that the private chauffeured transportation service used by some witnesses "surely cannot be the most 'economical rate reasonably available.'" (Opp. at 9.) It may be reasonable, however, for a witness to use a private car rather than take a cab, with minimal, if any, cost differential. Moreover, witnesses took this ground transport on necessary journeys, such as to and from airports. Defendants may, therefore, recover the $1856.13 they seek.

### C. Subsistence Expenses

Section 1821(d)(1) authorizes a prevailing party to recover subsistence costs for witnesses when "an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1). The amount recoverable for subsistence "shall be paid in an amount not to exceed the maximum per diem allowance" set for employees of the Federal Government. 28 U.S.C. § 1821(d)(2). Plaintiff contends that Defendants should only recover $1,936 for witness subsistence allowance for pre-trial depositions (4 witnesses, 2 days, $242 per day= $1,936) and $2,420 subsistence allowance for trial witnesses (5 witnesses, 2 days, $242 per day = $2,420). (Opp. at 10-11.)

The Court agrees with Plaintiff that Defendants' subsistence costs are overstated as to certain witnesses, but disagrees with Plaintiff's calcuations. Charles Reiss, for example, testified during only one day at trial, yet the Trump Defendants – without explanation – seek lodging costs for four days, including two days following his testimony. Based on the number of days each witness testified, the Court will allow Defendants to recover subsistence for three days for

Jim Petrus, and two days each for Jill Cremer, Brent Howie, Charles Reiss, and Donald Trump. At $242 per day, Defendants may recover $2,662.

Additionally, the Court will reduce the subsistence allowance for pre-trial depositions in the manner requested by Plaintiff because Defendants have offered no explanation for why each of these witnesses appeared for three days when their depositions lasted one day each. The Court, therefore, awards Defendants $1,936 for pre-trial deposition subsistence.

## V.        Expert Fees

Defendants seek to recover the $5,000 which their expert, Brent Howie, charged them because Plaintiff took his deposition. (Mem. at 4.) The parties agree that Federal Rule of Civil Procedure 26(b)(4)(E) "gives the court the discretion to order the seeking party pay the responding party a fair portion of the fees and expenses incurred in obtaining information from the expert." *See LG Electronic v. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011). Courts in this district have concluded that costs associated with the time spent preparing for a deposition are recoverable, as well as the time attending the deposition. *See Waters v. City of Chicago*, 526 F. Supp. 2d 899, 900-01 (N.D. Ill. 2007); *Profile Prod. v. Soil Mgmt. Tech., Inc.,* 155 F. Supp. 2d 880, 886 (N.D. Ill. 2001).

According to Defendants, Mr. Howie spent four hours meeting with Defendants' lawyers and preparing for his deposition, and seven hours at his deposition. (R. 376-6, Ex. E.) Mr. Howie also traveled from Tampa, Florida to Chicago, Illinois for his deposition, which totaled six additional hours round-trip. (*Id.*) In total, Mr. Howie billed Defendants for $5,995 for these seventeen hours. (*Id.*) Plaintiff argues that the Court should reject Defendants' request that Plaintiff cover $5,000 of these expenses. Plaintiff does not dispute how many hours Mr. Howie spent preparing for his deposition, but instead disputes the costs because (1) Plaintiff deposed

Mr. Howie to learn about the defense case, not to develop her case and (2) Defendants do not explain why $5,000 constitutes a "fair portion" of these fees.

Plaintiff's first argument fails. First, the basic proposition under Rule 26(b)(4)(e) "is relatively straightforward—a party that takes advantage of the opportunity afforded by Rule 26(b) [ ] to prepare a more forceful cross-examination should pay the expert's charges for submitting to this examination." 8 Wright, Miller, and Marcus, Federal Practice & Procedure § 2034. Second, Plaintiff fought *in limine* to be allowed to present Mr. Howie as a witness in her case-in-chief. Defendants, therefore, may recover costs associated with Mr. Howie's deposition.

Plaintiff's second argument also fails because Defendants provided an invoice from Mr. Howie showing the breakdown of his costs, which included the percentage of his time preparing for his deposition. Even including travel time to the deposition, Mr. Howie spent at most a total of seven hours prepping for his deposition, which is a 1 to 1 ratio with the seven hours his deposition lasted. The Court has previously concluded, in line with other courts in this district, that a 3 to 1 preparation to deposition time is reasonable in complex cases. *LG Electronics*, 2011 WL 5008425 at *5. Mr. Howie's preparation, therefore, is reasonable and recoverable. Furthermore, Plaintiff cites no authority requiring Defendants to cover any certain percentage of the expert fees. Notably, Defendants did not seek to recover all of Mr. Howie's fees, but reduced them by approximately 16%. The Court awards Defendants $5,000 in expert fees.

## VI. Vendor Photocopying Costs

Defendants seek $1,448.05 in photocopying costs pursuant to 28 U.S.C. § 1920(4), which allows the Court to tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 513 (7th Cir. 2008); (Mem. at 5.) Courts

interpret Section 1920(4) to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp*., 910 F.2d 1581, 1584 (7th Cir. 1990). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. *See id*. Defendants' vendor charged $.15 per page for copies, which Defendants claim "were necessarily incurred in making exhibit books for each side's trial exhibits, including an additional set of Defendants' exhibits, as requested by the Court." (Mem. at 5.)

Plaintiff "does not dispute the $538[.05] in copying costs made for exhibits provided to the Court prior to trial," but does dispute the unexplained $910 charge for "Tiff or PDF Blowbacks." (Opp. at 12; R. 367-6, Ex. F.) Indeed, because Defendants do not explain these additional costs, or justify their necessity, the Court cannot conclude that they were for anything besides Defendants' convenience. The Court, therefore, reduces Defendants' vendor photocopying costs by $910.

## VII.    Electronic Discovery

Defendants seek costs related to electronic discovery in the amount of $6,907.19 for electronically processing, hosting, and producing documents in discovery as well as electronically processing both sides' trial exhibits. (Mem. at 6.) As the Court noted recently, "it is undisputed that electronic discovery costs are available under Section 1920(4), there is scant legal authority in this circuit and district giving litigants guidance in seeking these costs under

11

Rule 54(d)(1) and Section 1920(4)." *LG Electronics*, 2011 WL 5008425 at *8 (internal citations omitted).   As such, the Court deducts half of Defendants' electronic discovery request and awards Defendants $3453.60 in electronic discovery costs.

## VIII.   Docket Fees

Ms. Goldberg does not challenge the $350 docketing fees Defendants seek.  (Opp. at 5.)

### CONCLUSION

For the foregoing reasons, the Court awards Defendant $48,223.16 in costs under Rule 54(d)(1).

**DATED:  August 23, 2013**

ENTERED

_____
**AMY J. ST. EVE**
**United States District Court Judge**