```
1                      IN THE UNITED STATES DISTRICT COURT
                          NORTHERN DISTRICT OF ILLINOIS
2                             EASTERN DIVISION

3     JACQUELINE GOLDBERG,              ) Docket No. 09 C 6455
                                        )
4                      Plaintiff,       )
                                        )
5            vs.                        )
                                        )
6     401 NORTH WABASH VENTURE, LLC,    )
      a Delaware Limited Liability      )
7     Company, et al.,                  ) Chicago, Illinois
                                        ) September 13, 2011
8                      Defendants.      ) 8:50 o'clock a.m.

9                   TRANSCRIPT OF PROCEEDINGS - MOTION
                    BEFORE THE HONORABLE AMY J. ST. EVE
10
      APPEARANCES:
11
      For the Plaintiff:          KULWIN, MASCIOPINTO & KULWIN
12                                BY:  MR. JEFFREY R. KULWIN
                                  161 North Clark Street, Suite 2500
13                                Chicago, Illinois  60601

14    For the Defendants:         NOVACK AND MACEY
                                  BY:  MR. STEPHEN NOVACK
15                                     MR. JOHN F. SHONKWILER
                                  100 North Riverside Plaza
16                                Suite 1500
                                  Chicago, Illinois  60606
17
      Court Reporter:             MR. JOSEPH RICKHOFF
18                                Official Court Reporter
                                  219 S. Dearborn St., Suite 1232
19                                Chicago, Illinois  60604
                                  (312) 435-5562
20

21              * * * * * * * * * * * * * * * * *

22                    PROCEEDINGS RECORDED BY
                      MECHANICAL STENOGRAPHY
23             TRANSCRIPT PRODUCED BY COMPUTER

24

25
```

1          THE CLERK:  09 C 6455, Goldberg vs. 401 North Wabash

2    Venture.

3          MR. NOVACK:  Good morning, your Honor, I'm Steve

4    Novack and on my left, my colleague, John Shonkwiler, on

5    behalf of defendants.

6          MR. SHONKWILER:  Good morning, your Honor.

7          THE COURT:  Good morning.

8          MR. KULWIN:  Good morning, your Honor, Jeff Kulwin on

9    behalf of the plaintiff.

10         THE COURT:  Good morning.

11         I have plaintiff's motion for leave to conduct more

12    than ten depositions.  I have defendants' response.  I have

13    the letter you sent me this morning, Mr. Kulwin.  Let us leave

14    some of the characterizations and things aside and talk about

15    the substance of the motion.

16         You are seeking to depose three additional

17    individuals in this case.

18         MR. KULWIN:  Correct.

19         THE COURT:  Mr. Reiss, Mr. Trump, Sr., and Mr. Trump,

20    Jr.  And I received the response.

21         Do you want to reply at all, Mr. Kulwin, as to -- let

22    us start with Mr. Reiss, who is a former executive.

23         MR. KULWIN:  Sure.

24         Mr. Reiss was the individual at the Trump

25    organization who first put this project together.  When I

1    deposed Mr. Flicker, who worked underneath Mr. Reiss, about

2    what were his reasons for including or not including certain

3    features in the common element, he advised me that he did so

4    based on the advice of Mr. Reiss.  When I asked him what

5    Mr. Reiss told him, he said, "I can't remember.  I can't

6    recall.  I didn't keep any documents about that."

7         So, Mr. Reiss has relevant information as to what

8    advice he mentioned to Mr. Flicker that ultimately led to the

9    very features being included in the property reports that the

10   plaintiff complains were removed when the property reports

11   were amended in '07.

12        Moreover, Ms. Proctor, who was the Sales Director for

13   the property, testified that Mr. Reiss told her long before

14   she left, long before the plaintiff signed their purchase

15   contract, that there were going to be changes to the meeting

16   rooms, function rooms and ballroom.  Then that establishes

17   defendants' knowledge before the plaintiff bought that they

18   were going to make the changes to the property.  So, the

19   plaintiff needs to depose Mr. Reiss on both of those points.

20        THE COURT:  Brief response.  I have read everything,

21   so you do not need to regurgitate.  Brief response, and I will

22   rule.

23        MR. NOVACK:  Your Honor, Mr. Shonkwiler will address

24   Mr. Reiss and Mr. Trump, Jr.  I will address Trump, Sr.

25        THE COURT:  Okay.

1          MR. SHONKWILER:  Your Honor, these were depositions

2    that took place a couple of weeks ago, and I had never heard

3    anything of the sort that was just described by Mr. Kulwin.  I

4    suspect that he's summarizing deposition testimony, that I

5    would interpret very differently.  And without a citation to

6    the transcript and without any opportunity to look at the

7    transcript and pull something from two pages later that

8    refutes that -- which I fully expect I could do, if that were

9    to happen -- it's awfully difficult to respond to something

10   presented to me like this, which is one of the reasons why we

11   wanted a briefing schedule.

12          But I don't know what else to say other than I have

13   never heard of any such testimony, and I think if it were that

14   clear, it would have been in the initial brief.  And I would

15   be pleased to respond to it in substance.

16          THE COURT:  I do not want any more briefing on this.

17          Based on the submissions to the Court, I will, within

18   my discretion, permit you to depose Mr. Reiss.  The time limit

19   for that deposition is five hours at a mutually convenient

20   time and place.

21          Mr. Trump, Jr.  Why do you need his deposition?

22          MR. KULWIN:  Sure.

23          Judge, Mr. Trump, Jr., was identified as being a part

24   of the collective group of people that were involved in all of

25   the decisions to remove certain features from the common

1    elements.  For example, Mr. Flicker's deposition, Page 196:

2            "Who made the decision to remove the health club from

3    the common elements?

4            "Charlie Reiss, Don Trump, Jr., and Joe Kramer were

5    probably all part of that decision."

6            Moreover, Mr. Trump, Jr., has an e-mail to

7    Ms. Proctor, who was the Sales Director when plaintiff was

8    considering purchasing her HCUs, in which Ms. Proctor sends an

9    e-mail to Mr. Trump, Jr., saying, "Can I make this deal?"

10           And Mr. Trump, Jr., says, "Sell, sell, sell.  We'll

11   worry about the doc stuff later."

12           Ms. Proctor had no idea what that meant.

13           Based on all the information we have about the

14   changes that were made, we think Mr. Trump, Jr., has very

15   highly relevant information about when those changes were made

16   and the reasons for those changes.

17           Again, Judge, during the meetings -- or during the

18   testimony -- that's been provided about all of these meetings

19   between all of these collective people about why the decisions

20   were made, nobody could recall specifically what was said and

21   by whom.  And, therefore, Mr. Trump, Jr., needs to be deposed

22   on those very topics.

23           MR. NOVACK:  Judge, I will respond to this one.

24           Page 11 of the opening motion says the only thing

25   that they were relying on in Trump, Jr., "Mr. Trump, Jr.,

1    based on deposition testimony taken to date, was directly

2    involved in the development of the Trump Tower HCU property

3    reports, rental programs and marketing materials."

4         We now hear that one snippet from the deposition that

5    said that he was probably involved in something.  It's the

6    plaintiff's burden here.  They have not met it.

7         THE COURT:  I agree.

8         You have not met your burden with respect to

9    Mr. Trump, Jr.  And one of the references you have did

10   indicate he was probably involved and so was Mr. Reiss.  So,

11   you can ask Mr. Reiss about that at his deposition.

12        Mr. Trump, Sr.

13        MR. KULWIN:  Sure, Judge.

14        Defendants' position throughout discovery in this

15   case is that Mr. Trump, Sr., only had very limited general

16   knowledge and was not involved other than his capacity as a

17   high-level executive.  The deposition testimony taken to date

18   has established that the exact opposite is the case.

19        When asked of Mr. Flicker about whether or not

20   Mr. Trump, Sr., was involved in any of the marketing,

21   promotional or advertising materials, on Page 92, Mr. Flicker

22   testified that he was "absolutely involved."

23        When asked of Mr. Weiss -- or Mr. Reiss -- excuse me,

24   Mr. Weiss -- as to Mr. Trump 's involvement in those

25   decisions, Mr. Weiss essentially said that Mr. Trump, Sr., was

1    the ultimate decision maker in deciding to remove those

2    features from the common element.

3            When asked if Mr. Weiss had told Mr. Trump, Sr., or

4    they had discussed whether or not that would be profitable or

5    unprofitable for the Trump organization -- which was the

6    reason the defendant had gave for taking it away from the

7    condominium association -- Mr. Weiss testified, "I think he

8    made up -- I think he made his own judgment about that."

9            When asked of Ms. Manolo, who runs the hotel, whether

10   Mr. Trump is involved in those operations, she testified he

11   shows up at every board meeting to let the owners know that

12   he's involved and he's aware of what's going on.  His picture,

13   his face, his representations, his name is on all of the

14   marketing materials.  His brand is what sold this HCU.

15           THE COURT:  But is that not really a separate issue?

16   I mean, if -- his name may be what sold it.  His brand may be

17   what sold it.  But we are talking about taking the deposition

18   of the highest-level executive at this company.  And, as you

19   know, the Seventh Circuit, as well as other circuits, have

20   said you have a higher burden when you want to do that.

21           So, selling the name certainly does not even get you

22   halfway there.

23           MR. KULWIN:  Understood.  And that's just one portion

24   of the reasons why.

25           The testimony to date, I believe, has been that he's

1   been at the very meetings, contrary to what the defendants

2   have represented in their discovery responses; that all of

3   these decisions went through him; that he had final authority

4   about all of these decisions.

5         And, therefore, given that he was the ultimate

6   decision maker and nobody else has owned judgment -- owned up

7   to making these decisions -- then it all falls to him.  And,

8   therefore, I think plaintiff should be entitled to ask him,

9   "What were you told, and why did you make this decision?"

10   Because nobody else has been able to tell me that answer.

11         THE COURT:  Have you submitted any interrogatories to

12   Mr. Trump, Sr., directed at him?

13         MR. KULWIN:  No, I don't believe that we have.

14         THE COURT:  Okay.

15         Go ahead.

16         MR. NOVACK:  Judge, I think this argument can be made

17   as to every highest-ranking senior officer.  The buck always

18   stops at the senior officer.  Not one witness said, "It wasn't

19   my decision.  It was his."  Not one witness said, "I don't

20   remember.  You'll have to ask him."  Not one witness said, "I

21   didn't want to do it.  He made me do it."  That's not what we

22   have here.

23         We've objected to his deposition from Day One.  They

24   waited until after taking -- after taking -- the nine other

25   people to come back now to make this motion.  And they have

1    not satisfied their burden that this isn't for harassment.

2         I mean, one thing just proves the whole point.  They

3    stretch so far as to say they need the deposition in order to

4    establish residency for jurisdiction purposes.  I think that

5    should say it all.  He swore that he was a resident of New

6    York.  Everybody knows he doesn't live in Illinois.  It's a

7    "make way," as is this entire motion, with respect to him.  We

8    ask that you deny that.

9         THE COURT:  Well, if it is for jurisdictional

10   purposes, only if he swore he was a citizen and not a

11   resident, because that is what matters for jurisdictional

12   purposes.

13        MR. NOVACK:  I probably misspoke, but I meant the

14   word that is applicable.

15        THE COURT:  You have not met your burden for this

16   high-level executive.  As the Seventh Circuit said in

17   Patterson, it is a higher standard.  The executive has to have

18   some kind of unique or highly relevant knowledge, and you have

19   not established that here.

20        I will let you serve four interrogatories on

21   Mr. Trump, Sr. -- not multi-part; I do not want you coming in

22   arguing about it is really ten interrogatories rather than

23   four -- four interrogatories on Mr. Trump, Sr., but no

24   deposition.

25        Your motion is granted, in part; denied, in part.

1          How long do you need to accomplish this additional

2   deposition?

3          I know you have another deposition for the end of the

4   month.  You were asking for mid-November.  I am not sure that

5   you need that amount of time, given that you have one

6   deposition you can take beyond.  But you tell me.

7          MR. KULWIN:  In light of your Honor's ruling, I guess

8   we would ask for November the 1st.  I do have a substantial

9   two-week trial that starts in mid-October.  There are some

10  depositions that the defendants wanted to take that we're

11  trying to get scheduled.  I think that will give us sufficient

12  time.

13         THE COURT:  Is there any objection to that?

14         MR. SHONKWILER:  No.

15         And I will take -- accept -- counsel's representation

16  that the scheduling -- any scheduling matters that are in his

17  court -- and there are a couple -- his representation that he

18  can complete them by November 1st means that whatever

19  obligations he has that we've discussed he can complete by

20  then, and that's fine with us.

21         THE COURT:  Okay.

22         And, if you would, issue those interrogatories, so we

23  can keep that going, by next Tuesday.

24         Does that give you enough time?

25         MR. KULWIN:  Yes, Judge.

1      THE COURT:  Issue four interrogatories by September

2 20th.

3      Now, what about your expert schedule?  Do you want me

4 to move that accordingly?

5      MR. KULWIN:  If you could, Judge.  I think we have

6 until October the 28th right now.

7      THE COURT:  Correct.

8      MR. KULWIN:  If we could have an additional two

9 weeks, I think that should give us enough time.

10      THE COURT:  So, you do not want me to move it out

11 roughly six weeks, just move it out two?

12      MR. KULWIN:  Well, if you -- if you wouldn't -- if

13 defendants aren't opposed, of course, the additional time

14 would always be helpful.  I'll leave that --

15      MR. SHONKWILER:  Six weeks is wonderful.  So far,

16 we've tried to discuss whether there will be experts at all,

17 and it's been pushed back because of the other things we're

18 discussing.  But neither side has declared for certain that

19 they even intend to use one at this point.

20      THE COURT:  Because I thought you told me last time

21 you were in that you thought you would.

22      But I will move out the expert dates roughly six

23 weeks.  So, the minute order of today will reflect that.  Next

24 time you come in, you should be prepared to tell me if you

25 need expert discovery or not.

1          What about settlement?

2          MR. KULWIN:  The parties have discussed settlement,

3    Judge, at great length, as indicated, in part, in the motion.

4    Unfortunately, we believe we're at an impasse.  As I

5    understand it, the last offer that was presented by the

6    plaintiff was rejected by the defendants, and we were going to

7    revisit those discussions after the depositions were

8    completed.

9          So, perhaps that's something we can address, again,

10   after Mr. Reiss' deposition.

11         THE COURT:  Do you plan on filing a dispositive

12   motion, Mr. Novack?

13         MR. NOVACK:  We are considering it at least on the

14   securities count, and I'm not sure yet about the other counts.

15   But I'm relatively certain we will on securities.

16         THE COURT:  Okay.

17         Fact closes November 1st.  Would you like to do that

18   by December 15th?

19         MR. NOVACK:  That will be fine, your Honor.

20         THE COURT:  Before you come back in, you should have

21   discussions about whether or not you will need expert

22   discovery.  You should have discussions about settlement and

23   exhaust your settlement possibilities, and let me know if you

24   have any interest in going for a settlement conference.

25         And come back here, if you would, please, right

1    before the close of fact discovery.  October 25th, please, at

2    8:30.  We will make sure everything is on track.  If something

3    comes up before then and you would like me to refer it to the

4    assigned magistrate before then for a settlement conference,

5    just call Katie and I am happy to do that.

6              Is there anything else?

7              MR. KULWIN:  No, Judge.

8              May I ask for one quick clarification?  Based on the

9    information that's provided in the interrogatory responses

10   propounded to Mr. Trump, Sr., I assume we could, if necessary,

11   at that point renew or file a new motion for leave to depose

12   him?

13             THE COURT:  Nothing I have said precludes that, but

14   the case law is pretty clear you have an uphill battle.

15             MR. KULWIN:  Okay.

16             THE COURT:  But I do not know what he is going to say

17   in response, and nothing I have said precludes that.

18             MR. KULWIN:  Thank you, Judge.

19             THE COURT:  Thank you.

20             MR. NOVACK:  Thank you, your Honor.

21             MR. SHONKWILER:  Thank you, your Honor.

22                        *     *     *     *     *

23

24

25

14

1    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.

2

3

     /s/ Joseph Rickhoff                        October 14, 2011
4    Official Court Reporter

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25