1

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
    JACQUELINE GOLDBERG,              ) Docket No. 09 C 6455
 4                                    )
                    Plaintiff,        )
 5                                    )
              vs.                     )
 6                                    )
    401 NORTH WABASH VENTURE, LLC,    )
 7  a Delaware Limited Liability      )
    Company, et al.,                  ) Chicago, Illinois
 8                                    ) October 25, 2011
                    Defendants.)        8:50 o'clock a.m.
 9

10         TRANSCRIPT OF PROCEEDINGS - STATUS & MOTION
              BEFORE THE HONORABLE AMY J. ST. EVE
11

12  APPEARANCES:

13
    For the Plaintiff:       KULWIN, MASCIOPINTO & KULWIN, LLP
14                           BY: MR. JEFFREY R. KULWIN
                             161 North Clark Street, Suite 2500
15                           Chicago, Illinois  60601

16
    For the Defendants:      NOVACK AND MACEY, LLP
17                           BY: MR. STEPHEN NOVACK
                                  MR. JOHN F. SHONKWILER
18                           100 N. Riverside Plaza, Suite 1500
                             Chicago, Illinois  60606
19

20  Court Reporter:          MR. JOSEPH RICKHOFF
                             Official Court Reporter
21                           219 S. Dearborn St., Suite 1232
                             Chicago, Illinois  60604
22                           (312) 435-5562

23              *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

24                     PROCEEDINGS RECORDED BY
                         MECHANICAL STENOGRAPHY
25                  TRANSCRIPT PRODUCED BY COMPUTER
```

1               THE CLERK:  09 C 6455, Goldberg vs. 401 North Wabash
2    Venture.
3               MR. NOVACK:  Good morning, your Honor, Steve Novack
4    and John Shonkwiler for the defendants.
5               MR. SHONKWILER:  Good morning, your Honor.
6               THE COURT:  Good morning.
7               MR. KULWIN:  Good morning, your Honor, Jeff Kulwin --
8    K-u-l-w-i-n -- on behalf of the plaintiff.
9               THE COURT:  You are here for status, and I also have
10   your motion to depose Donald Trump, Sr.
11              I received your response.  You can certainly add
12   anything else that you want to.  I need to go back and read
13   the deposition because you are -- you have different takes on
14   Mr. Reiss' deposition.  So, I need to go back and read that
15   myself, and I will rule shortly.
16              But is there anything either side wants to add?
17              MR. KULWIN:  With respect to the motion, no, Judge.
18              THE COURT:  With respect to that issue, with respect
19   to the motion.
20              MR. NOVACK:  Judge, all I would urge you to do is, in
21   addition to reading that deposition, if you would compare the
22   so-called new matters with what was already argued to you in
23   the transcript that we also --
24              THE COURT:  That came through --
25              MR. NOVACK:  -- attached.

1          THE COURT:  -- in your response.
2          MR. NOVACK:  Okay.
3          THE COURT:  That came through.
4          MR. NOVACK:  Thank you, Judge.
5          THE COURT:  So, status.  What is the status?
6          MR. KULWIN:  May I just respond real briefly to that,
7    because we didn't have a chance -- I just read the response
8    and I just -- to remind the Court, when we initially filed our
9    motion, we were seeking leave to take in excess of ten
10   depositions.  And the parties were, at that time, discussing
11   trying to resolve this issue with respect to the depositions.
12         So, I don't believe that we had a full opportunity to
13   respond to that, as we indicated in the letter.  Just so your
14   Honor's aware --
15         THE COURT:  Okay.
16         MR. KULWIN:  -- about the so-called "do over"
17   argument.
18         The status in the case, Judge, is we're set for fact
19   close discovery -- obviously, except to this one issue -- on
20   the 1st.
21         When we were here last time, your Honor instructed us
22   to meet and confer regarding whether or not we would need
23   experts in this particular case.  It's my understanding that
24   we will have experts --
25         THE COURT:  Okay.

```
 1              MR. KULWIN:  -- on plaintiff's behalf on burden of
 2   proof.
 3              When we were here last, I believe your Honor set a
 4   December 15th date for the disclosure of experts.  At this
 5   time, I don't anticipate any problem with complying with that.
 6              Your Honor had also asked us to discuss settlement.
 7   I had a long discussion with Mr. Shonkwiler about that.  I
 8   believe we're, unfortunately, at an impasse with respect to
 9   settlement.  We did go to a magistrate judge and have
10   extensive discussions there, and have continued those
11   discussions throughout discovery; but, right now I think we're
12   at two immovable positions.
13              THE COURT:  Are you in agreement?
14              MR. NOVACK:  Judge, the only thing I would slightly
15   modify, and request the Court to modify, is we do intend to
16   file a summary judgment motion which, we believe -- and, of
17   course, it's from our point of view -- will be dispositive.
18   And if that's right, I think the expert work would be wasted.
19   And I'm wondering if we could push that off until after
20   dispositives.
21              THE COURT:  When would you like to file it, and will
22   expert issues be raised in it?
23              I do not mind adjusting the schedule, because
24   certainly expert discovery is always expensive.
25              MR. KULWIN:  I think to the extent you want more
```

1  specific details, I'm happy to provide them.  But I think that
2  the expert discovery that we need to rely on is critical to
3  our burden of proof.  And I think it would vitiate any summary
4  judgment motion that I anticipate the defendants filing.  Of
5  course, if they think that there's some dispositive issue,
6  they certainly don't need a date from your Honor to file a
7  summary judgment motion.
8             But I do think that expert discovery, from our point
9  of view, will raise significant factual issues which, at a
10 minimum, I think, would deny -- require denial of -- summary
11 judgment.  But that's just me.
12            THE COURT:  Then I will leave your burden-of-proof
13 disclosure date in place.
14            How quickly can you file your dispositive?
15            And if it makes sense after seeing your summary
16 judgment to stay the expert schedule, I can do it then.  But
17 this way --
18            MR. NOVACK:  You actually have --
19            THE COURT:  -- you will not be delayed.
20            MR. NOVACK:  I believe you've already set a date for
21 that of December 15th --
22            THE COURT:  Correct.
23            MR. NOVACK:  -- which we can meet.  And --
24            THE COURT:  Okay.
25            I was not sure if you were asking to move that up.

1   It sounded like maybe, from what you were saying, you wanted
2   to move that sooner.  I am fine with the 15th.
3           MR. NOVACK:  We could move it up, let's say, a week
4   so that if the dispositive motion does not implicate expert
5   issues, that we can then move the expert -- we can defer the
6   expert issues.
7           THE COURT:  Okay.
8           December 8th, then, for your dispositive motions.  I
9   will leave the burden-of-proof disclosures on December 9th.
10          And, then, come back here, please, on December 15th.
11  And I will have both motions at that point, and we can talk
12  about whether or not it makes sense to go forward with the
13  discovery.
14          If you would drop off -- you do not have to file it,
15  but drop off -- a copy of your burden-of-proof --
16          MR. KULWIN:  My?
17          THE COURT:  -- your burden-of-proof disclosures --
18          MR. KULWIN:  Certainly.
19          THE COURT:  -- so I can look at that.  And, then, I
20  will be better informed to see if it makes sense if it
21  implicates the summary judgment at all.
22          MR. KULWIN:  Certainly.
23          THE COURT:  Okay.
24          So, I will see you December 15th at 8:30.
25          Is there anything else?

1            And I will rule on the Donald Trump issue certainly
2    well before that.
3            MR. NOVACK:  Thank you very much, Judge.
4            THE COURT:  Thank you.
5            MR. SHONKWILER:  Thank you.
6                    *     *     *     *     *
7
8    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
9
10
     /s/ Joseph Rickhoff                          October 16, 2013
11   Official Court Reporter