```
 1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2                      EASTERN DIVISION

 3   JACQUELINE GOLDBERG,            ) Docket No. 09 C 6455
                                     )
 4                      Plaintiff,   )
                                     )
 5              vs.                  )
                                     )
 6   401 NORTH WABASH VENTURE, LLC,  )
     a Delaware Limited Liability    )
 7   Company, et al.,                ) Chicago, Illinois
                                     ) May 13, 2013
 8                      Defendants.) 8:55 o'clock a.m.

 9

                     EXCERPT OF TRIAL PROCEEDINGS
10         BEFORE THE HONORABLE AMY J. ST. EVE, AND A JURY

11   APPEARANCES:

12   For the Plaintiff:       KULWIN, MASCIOPINTO & KULWIN, LLP
                              BY:  MR. SHELLY B. KULWIN
13                                 MR. JEFFREY R. KULWIN
                              161 North Clark Street
14                            Suite 2500
                              Chicago, Illinois  60601
15
     For the Defendants:      NOVACK AND MACEY, LLP
16                            BY:  MR. STEPHEN NOVACK
                                   MR. JOHN F. SHONKWILER
17                            100 N. Riverside Plaza,Suite 1500
                              Chicago, Illinois  60606
18
     Also Present:            MS. ALEXIS ROBINSON
19                            MS. CHRISTINA KIM

20   Court Reporter:          MR. JOSEPH RICKHOFF
                              Official Court Reporter
21                            219 S. Dearborn St., Suite 1232
                              Chicago, Illinois  60604
22                            (312) 435-5562
                    * * * * * * * * * * * * * * * * * *
23
                     PROCEEDINGS RECORDED BY
24                   MECHANICAL STENOGRAPHY
                 TRANSCRIPT PRODUCED BY COMPUTER
25
```

1        THE CLERK:  09 C 6455, Goldberg vs. 401 North Wabash

2   Venture.

3             *    *    *    *    *

4        MR. S. KULWIN:  Okay.

5        Can we see the exhibits that Mr. Novak plans on

6   putting up in front of the jury during opening statement?

7        MR. NOVACK:  Well, Judge, our agreement was that, if

8   we were just using the exhibits or blow-ups from the exhibits,

9   that we weren't going to exchange them.  And they haven't

10   given us any exhibits that they intend to use.

11        And I'm going to make a lot of decisions on the fly,

12   after I hear his opening, including I might use some of his

13   overheads, depending on how his opening goes.  So --

14        THE COURT:  If they are exhibits which admissibility

15   is contested, then you certainly should not use them.

16        MR. NOVACK:  Well, let me --

17        THE COURT:  If they are ones that you know are coming

18   in and you have that agreement, that is fine.

19        MR. NOVACK:  Let me address -- may I address that?

20        THE COURT:  Yes.

21        MR. NOVACK:  There are two that I would like to use

22   in my opening, that they have objected to.  And I want to ask

23   your Honor for permission to use them because the objection is

24   foundation.  It's not relevance.  It's not prejudice.

25        I'd like to hand them up to your Honor.

```
 1                THE COURT:  Sure.

 2                (Documents tendered to the Court.)

 3                MR. S. KULWIN:  What are the two numbers, please?

 4                MR. NOVACK:  522 and 578.

 5                And we told them yesterday we wanted to use them.

 6                522, Judge, is a letter from Mrs. Goldberg's lawyer

 7  to Trump's lawyer, trying to negotiate the purchase agreement.

 8  This was the subject of one of your in limine rulings, and you

 9  said this was relevant.

10                They say they object on foundation grounds.

11                Mrs. Goldberg was copied on the letter.  She's going

12  to be here to testify.  They produced it to us out of their

13  files.  I can't imagine that that's an objection that would be

14  sustained.

15                But I sure would like to use this in the opening.  I

16  can't imagine --

17                THE COURT:  What is your foundation objection?

18                MR. S. KULWIN:  Well, it's foundation and hearsay,

19  Judge.  It's hearsay.  It's a letter from one lawyer to

20  another lawyer, neither of whom are going to be witnesses at

21  trial.  I can't question either of them.

22                THE COURT:  But your client was copied on it.  So was

23  Ms. Vogue, who is going to testify.

24                MR. S. KULWIN:  But that's something that they can

25  cross-examine them.  They can say, "Isn't it true you saw this
```

 1   letter?"  That doesn't mean that it comes into evidence.  It's

 2   not a business record for her.  It's a business record for

 3   Ms. DeAngelis.  It's a business record for Mr. Berkhoff.

 4          THE COURT:  It might be.  If she kept it and you

 5   produced it, it could be a business record for her.

 6          MR. S. KULWIN:  It could theoretically be a business

 7   record, but I don't think they're going to be able to lay the

 8   foundation for that.

 9          MR. NOVACK:  Judge --

10          MR. S. KULWIN:  I don't -- may I --

11          THE COURT:  Finish.  Go ahead.

12          MR. S. KULWIN:  I don't think they're going to be

13   able to lay a foundation about what her knowledge was of it

14   and her review of it.

15          And, again, I -- it's written to and from people that

16   I've never examined.  It also injects the lawyer issue into

17   it, the Rudnick, Wolfe thing.

18          And, I mean, as I've said to them, "If you want to

19   cross-examine her on it, on her credibility, on, 'Isn't it

20   true that -- ' "you're free to do that, but it doesn't come

21   into evidence, and certainly -- and we're going to contest

22   it."  And it shouldn't be in front of the jury now.

23          THE COURT:  Did you produce this from her files or

24   from the lawyers' files?

25          MR. S. KULWIN:  We -- I think we got it -- a copy

1    from --

2            MR. J. KULWIN:  I apologize.  Is there a Bates stamp

3    number on it?  I can't remember.

4            THE COURT:  There is not on my copy.

5            MR. SHONKWILER:  There's a Bates number.  Your Honor,

6    P. Supp. 14 is --

7            THE COURT:  Oh, that is a Bates number?  Okay.

8            MR. SHONKWILER:  That is a Bates number.

9            THE COURT:  P. Supp. 14.

10           MR. S. KULWIN:  We probably produced it, then.  We

11   did produce it.

12           THE COURT:  From her files as opposed to getting them

13   from her lawyers?

14           MR. S. KULWIN:  That, I don't know.  We might have

15   gotten it from the broker.  I don't know.

16           MR. NOVACK:  Judge, a couple things.  First of all,

17   this is an operative event.  This is not hearsay.  The event

18   is, is that these matters were the subject of negotiation;

19   that Mrs. Goldberg's lawyer raised these.  That's not hearsay.

20           Second, I don't know how it's possible that this will

21   not pass foundation tests.  It's just not possible.  She's

22   copied on it.  Ms. Vogue is copied on it.  This is -- well --

23           MR. S. KULWIN:  If I may respond?

24           THE COURT:  Okay.  Let us --

25           MR. NOVACK:  I guess, if there's any -- well, I'm

1    done.

2              MR. S. KULWIN:  If I may respond?

3              THE COURT:  Yes.

4              MR. S. KULWIN:  The terms of operative fact deal with

5    the contract situation or the drug deal, for example, when two

6    people are, you know, negotiating a contract, negotiating a

7    drug deal.  Something like that.  But that theoretically

8    passes hearsay tests about -- between those people.  All

9    right?

10             It doesn't pass tests between two other people who --

11   even if one of them's an agent, who -- are not testifying, are

12   not subject to cross-examination and has all sorts of hearsay

13   things.

14             For all we know, Ms. DeAngelis wrote this letter on

15   her own, as part of her belief that this was her duty as a

16   lawyer to raise these issues, without even conferring with

17   Ms. Goldberg.  And -- because they never asked her about it, I

18   don't believe, in her deposition.

19             Did they?

20             I'm not sure.  I don't recall.

21             And, so, it's just -- it's hearsay.  It has all the

22   problems of hearsay.  What was Ms. DeAngelis -- why was

23   Ms. DeAngelis doing this?  Why was Mr. Berkhoff, by the way,

24   saying, no, it's non-negotiable?

25             THE COURT:  Okay.  Let me read this --

1           MR. S. KULWIN:  Okay.

2           THE COURT:  -- since I have not had that.

3           As of now, you cannot use it since it is contested.

4    But let me read it.  I have not read this.  So, it is hard for

5    me to rule on whether it is an operative event or otherwise

6    without reading it.

7           And, then, the next one is Defendant's Exhibit --

8           MR. NOVACK:  If --

9           THE COURT:  -- 578, I think.

10           MR. NOVACK:  If you decide that I cannot display it,

11    I can certainly reference the fact that we believe the

12    evidence is going to show this?

13           THE COURT:  Yes, absolutely.

14           MR. NOVACK:  But that's not a fallback that I'm

15    asking for.

16           THE COURT:  I understand.

17           MR. NOVACK:  I want to be able --

18           THE COURT:  I understand.

19           MR. NOVACK:  -- to show this.

20                         *     *     *     *     *

21    I certify that the foregoing is a correct excerpt from the
     record of proceedings in the above-entitled matter.

22

23
     /s/ Joseph Rickhoff                    August 22, 2013
24    Official Court Reporter

25